Floyd NEWBERRY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 43587.

Missouri Court of Appeals,
Western District.

June 25, 1991.

Richard H. Sindel, Clayton, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, P.J., KENNEDY and GAITAN, JJ., and WASSERSTROM, Senior Judge.

WASSERSTROM, Senior Judge.

Newberry seeks post-conviction relief in a very unusual and procedurally interesting situation. On December 19, 1978, he was indicted for the premeditated murder of his wife on June 18, 1976. He was convicted by a jury of first degree murder on June 27, 1979, and on August 6, 1979, was sentenced to life imprisonment. That judgment and sentence was affirmed in *State v. Newberry*, 605 S.W.2d 117 (Mo. 1980). No motion for post-conviction relief was filed under former Rule 27.26.

In the fall of 1988, Newberry was scheduled for a parole hearing. The prosecuting attorney of Clay County requested that the parole board correct its records to show that Newberry would not be eligible for parole consideration for a minimum of fifty (50) years from date of conviction. The parole board apparently declined that request unless first authorized by a court order, because on October 28, 1988, an assistant prosecuting attorney of Clay County filed in the sentencing court a Motion to Correct Mistake in Judgment, Sentence and Commitment. The change prayed was from the original sentence of "life imprisonment" to a sentence reciting "life imprisonment without possibility of parole or probation for fifty years." The circuit court of Platte County granted the motion the same day upon which it was filed. No notice was sent by the prosecuting attorney to Newberry concerning the motion, nor was any notice of entry of the new order sent to Newberry by the court. However, Newberry did learn of the entry of the order through receipt by him of a memorandum from the Department of Corrections dated November 7, 1988.

According to allegations by Newberry (although not corroborated by anything in the record on appeal), he filed an application for writ of prohibition or mandamus in the Missouri Supreme Court attacking the nunc pro tunc entry, which he says was denied on December 13, 1988. Thereafter he filed a motion under Rule 29.15 on Feb-ruary 1, 1989, in which he again protested the nunc pro tunc entry. Counsel was appointed, who filed a First Amended Motion and later a Second Amended Motion, raising other points for relief. A hearing was held by the circuit court of Platte County after which findings of fact and conclusions of law were filed denying all points. The appeal from that order, presently before this court, abandons all points except those relating to the entry of the nunc pro tunc order dated October 28, 1988.

In addition to justifying the right of the circuit court to correct the sentence nunc pro tunc, the state contests Newberry's right to be heard on this appeal for two procedural reasons: (1) lack of timeliness of the motion itself; and (2) waiver of any complaint by reason of Newberry's failure to appeal from the nunc pro tunc entry.

Exercising the judicial preference for deciding cases on substantive reasons rather than upon procedural grounds, we find it unnecessary to rule on the state's procedural contentions. Assuming but not deciding both of the procedural objections in favor of Newberry, nevertheless, he must lose on the merits.

■ Newberry raises a number of points in the Points Relied On section of his brief, only some of which are carried forward into his argument. The contentions not argued are to be considered abandoned.

■ The first of Newberry's points to be noticed is his complaint that he received no notification of the nunc pro tunc motion and was not present when the motion was considered. That point is answered by the provision of Rule 29.12(c) which provides that clerical errors arising from oversight or omission may be corrected by the court at any time "after such notice, *if any,* as the court orders." (Emphasis supplied)

■ Next, Newberry argues that a judgment may be corrected nunc pro tunc only if a clerical error (rather than a judicial error) occurred and only then if the true intention of the judge appears by some written record in the file. Those propositions are correct in the abstract, but their

application in this case requires a short recapitulation of the recent history of punishment for murder.

In June, 1972, the United States Supreme Court held that the method then utilized by juries to decide between a death sentence and alternative punishments was a violation of the Eighth Amendment because the jury's unguided discretion rendered the final determination as to who would die and who would live arbitrary and capricious. *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). The Missouri legislature responded to the holding in *Furman* by enacting Section 559.005 R.S.Mo.1975, which made death the mandatory sentence for anyone convicted of premeditated or "capital" murder. At the same time, the legislature enacted Section 559.011 as a safeguard in the event that "the category of capital murder or the [death penalty was] declared to be unconstitutional ..." In such an event "all killings which would be capital murder under ... 559.005 [would] be deemed to be murder in the first degree and the offender [would] be punished" by a sentence of life imprisonment as set out in Section 559.010 R.S.Mo.1975, "except that he [would] not be eligible for probation or parole until he has served a minimum of fifty years of [the] sentence." Section 559.011.

◼ In July, 1976, what had been anticipated came to pass when the United States Supreme Court held that a mandatory death penalty statute similar to that of Missouri was unconstitutional. *Woodson v. North Carolina*, 428 U.S. 280, 303, 304, 96 S.Ct. 2978, 2990, 2991, 49 L.Ed.2d 944 (1976). On March 15, 1977, the Missouri Supreme Court held that murders previously considered "capital" would be punished by a life sentence without eligibility for release by probation or parole for a minimum of fifty years as provided in section 559.011. *State v. Duren*, 547 S.W.2d 476 (Mo. banc) (1977).

Under § 559.011 and *Duren*, Newberry's conviction of what had previously been denominated "capital" murder necessarily called for life imprisonment without possibility of probation or parole for fifty years.

That clearly appears from the record as a whole. The judgment entered of "life imprisonment" simply failed to comply with the mandate of law. Such a failure is deemed to be a clerical error, even though in fact the fault of the judge. *State ex rel. Missouri Highway and Transportation Commission v. Roth*, 735 S.W.2d 19, 22 (Mo.App.1987); *Hassler v. State*, 789 S.W.2d 132, 134 (Mo.App.1990). As held in *Hassler:*

> Where the law dictates a certain judgment it is presumed the judgment rendered by the court was such a judgment as only could have been rendered, and anything short of that will be attributed to the mistake and misprision of the clerk even if the judge made the error.

Next, Newberry argues that he had a right to have the jury determine his sentence from instructions which accurately advised the jury of the range of punishment available. That was not done here, for the instruction stated merely: "If you do find the defendant guilty of murder in the first degree you will fix his punishment at life imprisonment by the department of corrections." Newberry argues that under that instruction, his punishment cannot exceed "life imprisonment." However, he admits that this proposition has been decided adversely to him in *State v. Locke*, 587 S.W.2d 346 (Mo.App.1979) and *State v. Hanson*, 587 S.W.2d 895, 901 (Mo.App. 1979).

◼ Next, Newberry argues that the correction of the judgment to impose a greater punishment, after he had already begun the sentence as originally imposed, violates his constitutional protection against double jeopardy. That contention has been rejected by *State v. Lewis*, 633 S.W.2d 110, 117 (Mo.App.1982) and the authorities cited therein.

◼ Next, Newberry argues that the original sentence became a final judgment, not subject to correction nine years later. The answer is that there can be no final judgment until a sentence has been imposed which is authorized by law. As held in *State v. Morris*, 719 S.W.2d 761, 763

(Mo. banc 1986): "a sentence that is contrary to law cannot constitute a final judgment."

 Finally, Newberry contends that Rule 29.12 providing for correction of sentences was not in effect when his original sentence was imposed. However, that is of no consequence because Rule 29.12 merely codified previously existing law.

There being no error, the judgment is affirmed.

All concur.