John Joseph RAPHELD, Appellant,

v.

Paul DELO, Appellee.

No. 90–2619.

United States Court of Appeals, Eighth Circuit.

Submitted July 10, 1991.

Decided July 31, 1991.

Rehearing and Rehearing En Banc Denied Sept. 6, 1991.

Under Iowa Code § 708.8 (1962), the maximum penalty for breaking and entering was imprisonment for ten years.

Alvin M. Binder, Jackson, Miss., for appellant.

Ronald L. Jurgeson, Jefferson City, Mo., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

John Joseph Rapheld, a Missouri prisoner, appeals from the final order entered in the District Court[1] for the Eastern District of Missouri dismissing his second 28 U.S.C. § 2254 petition. For the reasons discussed below, we affirm.

This case involves certain differences between the old Missouri criminal statutes in effect before and after September 1975. Rapheld was charged with capital murder and first degree robbery for events occurring in February 1976. Before these offenses occurred, the legislature had repealed Mo.Rev.Stat. § 559.010 (defining first degree murder to include both a willful, deliberate and premeditated killing and a homicide committed in the course of a robbery or other specified felony) and § 559.030 (setting the penalty at either death or life imprisonment). Missouri Approved Instruction–Criminal (MAI–CR) 6.02 (effective Mar. 1975) had applied to repealed Mo.Rev.Stat. § 559.010 and addressed the elements of deliberation and intent to take the victim's life.

In effect at the time of Rapheld's offenses and trial in January 1977 were Mo. Rev.Stat. §§ 559.005 (defining capital murder as an unlawful, willful, knowing, deliberate, and premeditated killing); 559.007 (defining first degree murder as a killing without premeditated intent to cause a particular individual's death but committed in the course of a specified felony); 559.009 (providing for lesser-included-offense determinations, and setting punishments at mandatory death penalty for capital murder and life imprisonment for first degree murder); 559.011 (providing, as the alternative punishment for capital murder if the death penalty should later be declared unconstitutional, that a § 559.005 offense be deemed first degree murder with a sentence of life without parole for fifty years); and 559.013 (providing for resentencing of a person found to be unconstitutionally convicted of capital murder and sentenced to death after September 28, 1975, the effective date of these statutes). Applicable to Mo.Rev. Stat. § 559.005 was MAI–CR 6.02 (Sept. 1975), entitled "Capital Murder."

Before voir dire defense counsel moved to dismiss the indictment on the ground that the mandatory death penalty for capital murder was unconstitutional. The state trial court denied the motion, stating that it intended to instruct the jury on first degree murder, the penalty for which, according to the court, was life imprisonment without parole for fifty years. *See State v. Rapheld,* 587 S.W.2d 881, 887 (Mo.Ct.App. 1979). At trial the state trial court did not give an instruction designated as "capital murder," but gave an instruction for murder in the first degree tracking the language of the old MAI–CR 6.02 (Mar. 1975). The state trial court also gave instructions on second degree murder and manslaughter, as well as first degree robbery. The jury found Rapheld guilty of first degree murder and first degree robbery. Two months later, in March 1977, in *State v. Duren,* 547 S.W.2d 476, 481 (Mo.1977) (en banc), the Missouri Supreme Court held the mandatory death penalty for capital murder was unconstitutional and recognized the alternative provisions of Mo.Rev.Stat. § 559.011 (substituting sentence of life without parole for fifty years). In May 1977 the state trial court sentenced Rapheld on the murder count to life imprisonment without parole for fifty years under

---

**1.** The Honorable John F. Nangle, Senior United States District Judge for the Eastern District of Missouri.

Mo.Rev.Stat. § 559.011 and on the robbery count to a concurrent life term.

In his direct appeal Rapheld argued, inter alia, that the state trial court erred in instructing the jury on the murder charge. The Missouri Court of Appeals stated that although it did not understand why the state trial court did not instruct on capital murder because the statute had not been declared unconstitutional at the time of trial, no prejudice resulted because the evidence of felony murder would have required the submission of a first degree murder instruction even if capital murder had been submitted. *State v. Rapheld,* 587 S.W.2d at 887. In so stating, the Missouri Court of Appeals overlooked that the "first degree murder" instruction given did not instruct the jury on felony murder (which *was* first degree murder at the time of the instant offenses and trial). The state appellate court also concluded that no prejudice resulted because "even if capital murder had been submitted and the jury had returned the death penalty," Rapheld would have been resentenced under Mo. Rev.Stat. § 559.013 to the same sentence he did receive. *Id.*

In 1981 Rapheld (via counsel) filed a habeas petition alleging that his confession was coerced and that the state violated discovery rules. The habeas petition was denied on the merits and the denial was affirmed on appeal. *Rapheld v. Wyrick,* 676 F.2d 703 (8th Cir.1981) (Table). In 1989 Rapheld filed the instant habeas petition pro se, asserting that the state trial court committed plain error in (1) failing to give the first degree (felony) murder instruction based on Mo.Rev.Stat. § 559.007 and MAI–CR 6.19 (Sept. 1975), (2) giving the first degree murder instruction based on repealed Mo.Rev.Stat. § 559.010 and the old MAI–CR 6.02 (Mar. 1975), (3) invoking Mo. Rev.Stat. § 559.011 before the mandatory death penalty was declared unconstitutional, and (4) sentencing him, upon his conviction for first degree murder, to life without parole for fifty years when Mo.Rev.Stat. § 559.009 set the penalty for first degree murder at life imprisonment. Rapheld also asserted his convictions for both first degree murder in the course of a robbery and the underlying robbery resulted in multiple sentences constituting double jeopardy and counsel's failure to raise these claims on direct appeal was ineffective assistance of counsel.

When the state asserted that the second habeas petition was successive and an abuse of the writ, the magistrate judge [2] gave Rapheld the opportunity to explain his apparent abuse of the writ. Rapheld responded that he was the first person indicted for capital murder under the then-existing criminal code, and the trial errors resulting from the lack of precedent and the confused state of the law on homicide caused a fundamental miscarriage of justice. He argued further that the failure to raise these claims in the first habeas petition was due to his lack of knowledge about the law and to his reliance on his attorney, who also handled his direct appeal and who rejected Rapheld's proffered issues on the instructional and sentencing errors. Rapheld also argued subsequent Missouri case law showed that due process had required an instruction on first degree felony murder as a lesser included offense of capital murder. The magistrate judge found Rapheld's explanations inadequate and recommended dismissal. The district court adopted the magistrate judge's recommendation over Rapheld's objections. This appeal followed.

In *McCleskey v. Zant,* —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), the Supreme Court restricted the availability of second habeas petitions and held that abuse of the writ by either deliberate abandonment or inexcusable neglect precludes habeas relief. The Court held that neglect may be excused if the petitioner shows either cause and prejudice [3] or a fundamen-

---

**2.** The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri.

**3.** Although Rapheld offers ineffective assistance of counsel in his first habeas proceeding as

cause for not raising the present claims there, such an argument is foreclosed by *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (to establish cause for procedural default, habeas petitioner cannot claim

tal miscarriage of justice based on actual innocence. *Id.* 111 S.Ct. at 1467–70. Actual innocence includes innocence "of the sentence imposed." *Jones v. Arkansas,* 929 F.2d 375, 381 (8th Cir.1991) (citing *Smith v. Murray,* 477 U.S. 527, 537, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986)).

Rapheld argues he was "innocent of the sentence imposed" because, due to instructional errors, he received a harsher sentence than that provided for the crime of which the jury found him guilty (i.e., he was sentenced to life imprisonment without parole for fifty years when the maximum sentence for first degree murder was life imprisonment). We disagree. There were instructional errors because the state trial court apparently misunderstood the correlation between the old criminal statutes and the provisions of the new criminal code. Although the jury found Rapheld guilty of first degree murder, the jury was not instructed on the elements of the offense of first degree or felony murder. The verdict director was mislabeled as "murder in the first degree" and set forth the elements of the offense of capital murder,[4] not first degree or felony murder. For this reason, we conclude the jury verdict in reality represents a finding of guilt of capital murder. At the time of sentencing, a conviction of capital murder required the sentence Rapheld received—life without parole for fifty years. Thus, the instructional errors did

not result in the imposition of a sentence of which Rapheld was innocent.

We conclude, therefore, that Rapheld has not shown actual innocence to excuse his failure to raise these claims in his first habeas petition.[5]

Accordingly, we affirm the district court order dismissing the second habeas petition for abuse of the writ.

constitutionally ineffective assistance of counsel in proceeding for which there was no constitutional right to attorney).

**4.** The state trial court did not include the paragraph of the "Capital Murder" instruction, MAI–CR 6.02 (Sept. 1975), requiring a finding that "the defendant knew that he was practically certain to cause the death of" the victim. That language, however, is not contained in Mo.Rev. Stat. § 559.005. We note that the evidence at trial showed the victim was stabbed five times in the throat and seven times in the heart. *See State v. Rapheld,* 587 S.W.2d 881, 885 (Mo.Ct. App.1979). Under these circumstances, the omission did not amount to constitutional error.

**5.** Rapheld's related arguments are without merit. The state trial court's failure to give a felony murder instruction does not raise a habeas claim. *See Pitts v. Lockhart,* 911 F.2d 109, 112

(8th Cir.1990) (case where death penalty was not imposed is not "capital case" for purpose of due process rule requiring state court to give lesser-included-offense instruction; error in failing to give such instruction in noncapital case "rarely, if ever, presents a constitutional question"), *cert. denied,* —— U.S. ——, 111 S.Ct. 2896, 115 L.Ed.2d 1060 (1991). Because a second degree murder instruction was given, this case does not present the concern expressed in *Beck v. Alabama,* 447 U.S. 625, 637, 100 S.Ct. 2382, 2389, 65 L.Ed.2d 392 (1980), that in a capital case "the failure to give the jury the 'third option' of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction." His double jeopardy claim fails because the jury did not find him guilty of the elements of felony murder, even though, as noted above, the instruction purported to instruct on first degree murder (which at the time of trial *was* felony murder).