**STATE of Missouri, Respondent,**

v.

**John Joseph RAPHELD, Appellant.**

**No. 61249.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 1, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 15, 1992.

Application to Transfer Denied
Nov. 24, 1992.

Stormy B. White, Clayton, for appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Judge.

Defendant, John Joseph Rapheld, appeals from a denial of his motion to correct mistake in judgment, sentence, and commitment pursuant to Rule 29.12(c). We affirm.

On March 19, 1976, defendant was indicted for first degree robbery and capital murder for a robbery and homicide committed on or about February 20, 1976. Defendant filed a motion to dismiss the indictment, claiming the capital murder statute, §§ 559.005 and 559.009 RSMo (Supp.1975), was unconstitutional.[1] The trial court overruled the motion and stated in chambers prior to voir dire that it intended to instruct the jury on "first degree murder," the penalty for which, according to the court, was life imprisonment without probation or parole for fifty years.

At trial, the court instructed the jury on first degree murder, formerly MAI–CR 6.02 "Murder: First Degree." [2] The court also gave instructions on second degree murder, manslaughter, and first degree robbery. The jury found defendant guilty of "first degree murder" and first degree robbery on January 18, 1977. On May 19, 1977, the court sentenced defendant to life imprisonment for the murder conviction without the possibility of probation or parole for fifty years. Defendant was also sentenced to serve a concurrent life term for the first degree robbery conviction.

Defendant's convictions and sentences were affirmed on direct appeal in *State v. Rapheld*, 587 S.W.2d 881 (Mo.App.1979), and his Motion for Rehearing and/or Transfer to the Supreme Court and Application to Transfer to the Supreme Court were denied in September and November, 1979. Defendant then filed a motion for post-conviction relief under former Rule 27.26, now Rule 29.15, alleging the trial court should have instructed the jury on felony murder. The motion court denied the motion, after an evidentiary hearing, on

---

1. All statutory references are to RSMo (Supp. 1975).

2. MAI–CR 6.02 was based on § 559.010, which was repealed before defendant was indicted for the offenses at issue herein. L.1975 H.B. 150

§ A. Section 559.010 defined first degree murder to include both a willful, deliberate, and premeditated killing and a homicide committed in the course of a robbery or other specified felony.

December 30, 1986. On October 7, 1988, this court denied defendant's motion to file a late notice of appeal contesting the motion court's ruling; the court also denied his motion for reconsideration of the denial on November 17, 1988. On August 7, 1991, defendant filed a motion in the circuit court to correct a mistake in judgment, sentence, and commitment pursuant to Rule 29.12(c), asserting that the only lawful sentence for his "first degree murder" conviction was life imprisonment with no restrictions on probation or parole.[3] The trial court denied the motion after a hearing, and defendant appeals.

Rule 29.12(c) permits a court to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission" at any time after such notice the court orders, if any. Defendant argues that a nunc pro tunc motion pursuant to Rule 29.12 is the proper vehicle for a defendant to pursue correction of a sentence that exceeds the maximum statutory punishment for the offense of which he or she is convicted.

■ In making his argument, defendant relies solely on *Newberry v. State*, 812 S.W.2d 210 (Mo.App.1991). In *Newberry*, the state obtained a nunc pro tunc order to change defendant's sentence from life imprisonment to life imprisonment without the possibility of probation or parole for fifty years. *Id.* at 211. Our Western District affirmed the trial court's order, finding that the entry of a sentence that fails to comply with the mandate of law may be deemed a "clerical error" subject to a motion nunc pro tunc, even though the error is the fault of the judge. *Id.* at 212. However, *Newberry* came to the appellate court on appeal from the denial of defendant's motion for post-conviction relief under Rule 29.15, which is the exclusive procedure by which a person convicted of a felony after trial may challenge his or her sentence on

the ground that "the sentence imposed was in excess of the maximum sentence authorized by law." Rule 29.15(a). *Newberry* does not stand for the proposition defendant now urges, namely, that a defendant may bypass the remedial provisions of Rule 29.15 by making a nunc pro tunc motion for correction of sentence on this ground at any time after his or her sentencing. We decline to so hold. However, we need not decide the issue in this case, because even assuming defendant's challenge to his sentence is properly before us, he must lose on the merits.

■ Defendant committed the murder and robbery on February 20, 1976. The statute in effect at that time was § 559.005, which provided: "A person is guilty of capital murder if he unlawfully, willfully, knowingly, deliberately, and with premeditation kills or causes the killing of a human being." The only punishment for capital murder was death. § 559.009.3. At the same time it enacted the capital murder statute, the Missouri legislature enacted § 559.011 as a safeguard in the event the category of capital murder or the death penalty was declared unconstitutional by the Missouri Supreme Court or the United States Supreme Court. *Newberry*, 812 S.W.2d at 212. Section 559.011 provided that in such event, "all killings which would be capital murder under any of the circumstances specified in section 595.005 shall be deemed to be murder in the first degree and the offender shall be punished accordingly, except that he shall not be eligible for probation or parole until he has served a minimum of fifty years of his sentence." A third statute in effect at that time defined murder in the first degree as an unlawful killing committed without premeditation but in the perpetration of or attempt to perpetrate arson, rape, robbery, burglary, or kidnapping. § 559.007. The punishment for that offense was life imprisonment. § 559.009.3.[4]

---

3. Defendant first raised this claim in a pro se motion to recall the direct appeal mandate, directed to this court. The motion was denied on May 5, 1989. Defendant did not raise this precise claim of error on direct appeal, but contended that the capital murder instruction and

possible death penalty should have been submitted to the jury.

4. Sections 559.005, 559.007, 559.009, and 559.011 were repealed by Laws of Missouri 1977,

In July, 1976, after defendant's indictment but before his trial, the United States Supreme Court held that a mandatory death penalty statute similar to Missouri's was unconstitutional. *Woodson v. North Carolina,* 428 U.S. 280, 303, 304, 96 S.Ct. 2978, 2990, 2991, 49 L.Ed.2d 944, 960, 961 (1976). On March 15, 1977, the Missouri Supreme Court held that Missouri's penalty provision for capital murder failed to provide a constitutionally acceptable procedure for imposition of the death penalty. *State v. Duren,* 547 S.W.2d 476, 480 (Mo.1977). Accordingly, the court held that murders previously considered "capital" would be punished as provided in § 559.011, that is, by a life sentence without the possibility of probation or parole for fifty years. *Id.* at 480–81. *Duren* was decided approximately two months after defendant's convictions but two months prior to his sentencing.

Defendant was not convicted of "first degree murder" as defined by § 559.007. The "first degree murder" instruction given did not instruct the jury on felony murder; it required a finding that the murder was premeditated and intentional and did not require a finding that defendant committed the murder during the perpetration of any other felony. A life sentence with no restrictions on probation or parole would have been appropriate only if defendant had been convicted of felony murder pursuant to § 559.007. Although the trial court denominated defendant's offense "murder in the first degree," defendant was charged with, convicted of, and sentenced, pursuant to § 559.011, for capital murder under § 559.005. There was no error in sentencing, and the trial court did not err in denying defendant's motion nunc pro tunc.[5]

H.B. 90, pp. 718–22. *Garrett v. State,* 814 S.W.2d 325, 328–29 (Mo.App.1991).

5. It appears from the record that the verdict director failed to include the paragraph of the "capital murder" instruction requiring the jury to find defendant "knew that he was practically certain to cause the death" of the victim. However, defendant failed to raise this claim on direct appeal, and any instructional error is not a "clerical" error subject to review pursuant to the motion now before us. We note that in

The judgment of the trial court is affirmed.

CRIST and REINHARD, JJ., concur.

considering defendant's second habeas corpus petition, the Eighth Circuit Court of Appeals found the instruction's omission of the "knowingly" element did not amount to constitutional error, in light of the evidence at trial showing the victim was stabbed five times in the throat and seven times in the heart. *Rapheld v. Delo,* 940 F.2d 324, 327 n. 4 (8th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 984–85, 117 L.Ed.2d 147 (1992).