**STATE of Missouri, Plaintiff–Respondent,**

v.

**Robert CARRASCO, Defendant–Appellant.**

**No. 76608.**

Supreme Court of Missouri, En Banc.

May 26, 1994.

---

Raymond L. Legg, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

Appellant filed in the trial court a motion to reduce his sentence of imprisonment for ten years for transporting marijuana. He correctly pointed out that at the time he was sentenced the maximum penalty for transporting marijuana was a term of imprisonment for not more than five years. Appellant did not file a motion for post-conviction relief as permitted by Rule 24.035 and the time for filing a Rule 24.035 motion had expired. One of the claims for which Rule 24.035 provides a basis for relief is that the sentence imposed was in excess of the maximum sentence authorized by law. Rule 24.-035(a) states that Rule 24.035 provides the exclusive procedure by which a person may seek relief in the sentencing court for the claims enumerated. On appeal appellant argued for *nunc pro tunc* relief under Rule 29.12(c). The Missouri Court of Appeals, Southern District, affirmed the trial court's denial of appellant's motion, then transferred the case to this Court pursuant to Rule 83.02,

finding application of Rule 24.035 unjust under the facts of this case.

In this Court appellant made oral petition for relief by writ of habeas corpus. This Court necessarily denies the oral petition for writ of habeas corpus. The denial is without prejudice, however, and does not foreclose appellant's filing a petition for writ of habeas corpus in the circuit court having jurisdiction. Rule 91.02.

■ With respect to appellant's claims raised in the trial court and on appeal, this Court adopts verbatim the opinion of the Missouri Court of Appeals, the Honorable John E. Parrish writing for the court, which follows:

Robert Carrasco (defendant) pleaded guilty to transportation of marijuana, § 195.-025.[1] On December 18, 1989, defendant was sentenced, pursuant to a negotiated plea agreement, to imprisonment for ten years.[2] On July 6, 1992, defendant filed a motion entitled "Motion for Reduction of Sentence Under the Plain Error Rule, 29.12(B)." On September 29, 1992, he filed an amended motion entitled "Amended Motion for Reduction of Sentence." The trial court denied the motion. This court affirms.

The offense that is the basis of defendant's motion occurred "on or about the 23rd day of April, 1989." Punishment was prescribed by § 195.200.1. However, that statute was repealed effective August 28, 1989. See C.C.S.H.C.S.S.C.S.S.B. 215 and 58, 1989 Mo. Laws.

Defendant presents one point on appeal. He contends the trial court erred in denying his motion to reduce his sentence of imprisonment for ten years for transporting marijuana "because the sentence imposed was in violation of Missouri laws in effect at the time the sentence was imposed." Defendant correctly points out that at the time he was sentenced, "the maximum penalty for transporting marijuana was a term of imprison-

---

1. References to statutes are to RSMo 1986 unless stated otherwise.

2. Defendant was also charged with and convicted of possession of more than 35 grams of mari-

juana. § 195.020. He was sentenced to imprisonment for five years for that offense. The sentences were concurrent.

ment for not more than five years." *See Soto v. State*, 858 S.W.2d 869, 871 (Mo.App.1993).[3]

In the argument portion of his brief, defendant claims his request for relief is a *"nunc pro tunc* request under Rule 29.12(c)." Rule 29.12(c) provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time after such notice, if any, as the court orders.

In order for Rule 29.12(c) to apply, the error about which defendant complains must have been a clerical mistake.

A judgment may be corrected *nunc pro tunc* only if it is a clerical error rather than a judicial error and, generally, only if the intention of the judge to do otherwise clearly appears in the record. *Newberry v. State*, 812 S.W.2d 210, 211 (Mo.App.1991). Defendant contends that *Newberry* stands for the proposition that a trial court's sentence that is not within the applicable range of punishment may be corrected, *nunc pro tunc*, "even though the error was ... the fault of the judge." That assertion is correct if the error is clerical.

In 1979, Newberry was convicted of the offense denominated by § 559.005, RSMo Supp.1975, as "capital" murder. That statute "made death the mandatory sentence for anyone convicted of premeditated or 'capital' murder." 812 S.W.2d at 212.

> [T]he legislature enacted Section 559.011 [RSMo Supp.1975] as a safeguard in the event that "the category of capital murder or the [death penalty was] declared to be unconstitutional ..." In such an event "all killings which would be capital murder under ... 559.005 [RSMo Supp.1975] [would] be deemed to be murder in the first degree and the offender [would] be punished" by a sentence of life imprisonment as set out in Section 559.010 R.S.Mo. 1975, "except that he [would] not be eligible for probation or parole until he has served a minimum of fifty years of [the] sentence." Section 559.011.

*Id.* The Supreme Court of Missouri, in *State v. Duren*, 547 S.W.2d 476 (Mo. banc 1977), in accordance with *Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976), determined that the applicable punishment for "capital" murder committed in violation of § 559.005, RSMo Supp.1975, was life imprisonment without eligibility for probation or parole for fifty years as prescribed by § 559.011, RSMo Supp.1975.

*Newberry v. State, supra,* was an action for post-conviction relief that challenged the trial court's correction of court records in the underlying criminal case to reflect that the punishment imposed was life imprisonment without probation or parole for fifty years. The records, before the correction reflected the punishment as life imprisonment. Newberry contended that the trial court had no jurisdiction to make such a correction; that the act of recording the sentence without reflecting that there would be no probation or parole was a judicial act, not a clerical act, and, for that reason, could not be corrected *nunc pro tunc.* The court held:

> The judgment entered of "life imprisonment" simply failed to comply with the mandate of law. Such a failure is deemed to be a clerical error, even though in fact the fault of the judge.

*Newberry,* 812 S.W.2d at 212.

The holding in *Newberry v. State* is attributable to the particular "capital" murder statute in effect at the time Newberry committed the offense for which he was convicted. The trial court had no discretion, nor did the jury, regarding the punishment that would be imposed upon conviction. As such, the recording of, or the failure to record, the only applicable punishment was a clerical error.

The law applicable to this case is akin to that applied in *State v. Cheesebrew*, 575 S.W.2d 218 (Mo.App.1978). In *Cheesebrew,* the defendant filed "Defendant's Motion to Amend Record" more than three and a half months after a motion for new trial was denied and judgment had been entered. A

---

**3.** *Soto* discussed the effect of the repeal of § 195.200.1. It held, "Under these circumstances, by reason of §§ 557.021.2 and 558.011 [RSMo 1986, V.A.M.S.], this offense became punishable by a term not to exceed five years." 858 S.W.2d at 871.

sentence of five years had been imposed for possession of more than 35 grams of marijuana. It was to run consecutive to another five-year sentence for sale of a controlled substance. Cheesebrew, by his motion, asked the trial court to amend the record so that the sentences would run concurrently. *Id.* at 225.

At the time of *Cheesebrew*, Rule 26.05 (repealed)[4] provided, "Upon the trial of any indictment or information the court may at any stage of the proceeding, in furtherance of justice, amend or supply any pleading, writ, process, entry, return or other proceedings; ...." The trial court refused to grant the request to amend the sentence. On appeal, the court held:

> This rule is intended to correct the record so as to reflect the facts, it does not empower the trial court to enter a new and different judgment. It can only "amend or supply and record in accordance with the fact." There is no evidence of record that the judgment entered was not in fact the judgment of the court.

575 S.W.2d at 225. The court concluded that the trial court had no jurisdiction to grant the relief that had been requested. *Id.*

Rule 29.12(c), like that part of Rule 26.05 (repealed) applicable to *Cheesebrew*, does not empower a trial court to enter a new and different judgment. It applies to corrections of clerical mistakes. Defendant requested the trial court to enter a new judgment, not to correct a clerical mistake.

The applicable rule for the relief defendant sought is Rule 24.035. Rule 24.035 applies to a person convicted of a felony on a plea of guilty who has been delivered to the department of corrections. Such a person may seek relief from a sentence imposed that was in excess of the maximum sentence authorized. Rule 24.035(a). Rule 24.035 prescribes the "exclusive procedure" for seeking that relief. *Id.* It includes the requirement:

> The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by ... Rule 24.035 shall consti-

tute a complete waiver of any right to proceed under this [rule].

Rule 24.035(b).

"The time limitations of Rule 24.035 have withstood constitutional scrutiny. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc), *cert. denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989)." *State v. Vidal*, 843 S.W.2d 392, 394 (Mo.App.1992). Defendant did not avail himself of the remedy afforded by Rule 24.035. The trial court did not have jurisdiction to grant the relief sought under the guise of Rule 29.12. The order denying the request is affirmed.

---

4. A note following Rule 29.12 suggests, "Compare: Prior Rule 26.04 and prior Rule 26.05."