Treva Swartz **MERRIWEATHER,**
Appellant,

v.

**STATE of Missouri, Respondent.**

**No. WD 48947.**

Missouri Court of Appeals,
Western District.

Sept. 13, 1994.

Barbara Hoppe, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before ELLIS, P.J., and BERREY and SMART, JJ.

ELLIS, Presiding Judge.

Treva Swartz Merriweather was charged by information on June 16, 1986 with possession of cocaine in violation of § 195.020.[1] She pled guilty to that offense in the Circuit Court of Cass County on October 17, 1986. At the sentencing hearing on August 31, 1987, pursuant to a plea bargain, she was placed on probation for five years and imposition of her sentence was suspended. On September 8, 1992, after she admitted she had violated the terms of her probation, the court revoked Merriweather's probation and sentenced her to ten years in the Department of Corrections. Merriweather filed a Rule 29.12 motion on May 28, 1993 (more than nine months after she was sentenced) seeking a reduction of her sentence based on amendments to Chapter 195 reducing the penalty for Merriweather's offense to a maximum of seven years. Her Rule 29.12 motion was denied on December 10, 1993. Merriweather appeals the denial of her Rule 29.12 motion.

Merriweather's sole point on appeal is that the trial court erred, resulting in manifest injustice and a miscarriage of justice, when it denied her Rule 29.12 motion seeking a reduction of her sentence on the basis that at the time she was sentenced, her ten-year sentence exceeded the maximum sentence for cocaine possession, thereby violating her rights under the United States Constitution and the Missouri Constitution. She claims that a *nunc pro tunc* order under Rule 29.12 is an appropriate remedy for the correction of sentences in excess of the statutory maximum.

The Comprehensive Drug Control Act of 1989 became effective on August 28, 1989. This Act repealed §§ 195.020 and 195.200, the sections under which Merriweather pled guilty on October 17, 1986. Then the legislature adopted §§ 195.202 and 558.011(3), RSMo Cum.Supp.1991, which together make possession of a controlled substance a class C felony, having a maximum prison sentence of seven years.[2] Merriweather's ten-year sentence was imposed on September 8, 1992, after §§ 195.202 and 558.011(3) were adopted.

■ Merriweather filed a motion under Rule 29.12, alleging plain error and clerical mistake in the imposition of her sentence. The trial court denied her Rule 29.12 motion because Rule 24.035 is the exclusive procedure for pursuing such relief.[3] Rule 24.035, which applies to a person convicted of a felony on a plea of guilty who has been delivered to the department of corrections, provides a basis for relief where a "sentence imposed was in excess of the maximum sentence authorized by law." Rule 24.035(a) states: "This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated." Merriweather maintains that despite this language, she is entitled to relief under Rule 29.12(b) as it is plain error affecting substantial rights resulting in a manifest injustice or miscarriage of justice, or under Rule 29.12(c) as it is a clerical mistake.[4]

---

1. All statutory references are to RSMo 1986, unless otherwise indicated.

2. Possession of thirty-five grams or less of marijuana is excepted from this statute.

3. The order denying Merriweather's Rule 29.12 motion is by docket entry. There is no explanation for the denial there. However, the state's Motion to Dismiss Without an Evidentiary Hearing urges the court to dismiss based on the argument that Rule 24.035 was Merriweather's exclusive remedy.

4. Under Rule 24.035(b), a person must file a motion within ninety days after the movant is delivered to the custody of the department of corrections. As Merriweather waited more than nine months to file any motions concerning her

Merriweather cites several cases to support her position. However, the Missouri Supreme Court recently decided this issue in a factually similar case, *State v. Carrasco*, 877 S.W.2d 115 (Mo. banc 1994).[5] The defendant in that case had been sentenced to ten years imprisonment for transporting marijuana. At the time he was sentenced the maximum penalty for transporting marijuana was imprisonment for not more than five years. As in this case, Carrasco had failed to file a motion for post-conviction relief under Rule 24.035 and the time for filing a Rule 24.035 motion had expired. Instead, he filed a Rule 29.12(c) motion for *nunc pro tunc* relief. The Supreme Court said that "[a] judgment may be corrected *nunc pro tunc* only if it is a clerical error rather than a judicial error and, generally, only if the intention of the judge to do otherwise clearly appears in the record." *Id.* at 117 (citation omitted). The Court found that the defendant's sentence was not a clerical error.

> The rule is intended to correct the record so as to reflect the facts, it does not empower the trial court to enter a new and different judgment. It can only 'amend or supply and record in accordance with the fact.' There is no evidence of record that the judgment entered was not in fact the judgment of the court.

*Id.* at 118 (*quoting State v. Cheesebrew*, 575 S.W.2d 218, 225 (Mo.App.1978)). The court found that Carrasco was asking the trial court to enter a new judgment, not to correct a clerical mistake, and therefore, the trial court did not have jurisdiction. The court went on to point out that Rule 24.035 provides the exclusive procedure for a person such as Carrasco to seek such relief, and since the time for filing a Rule 24.035 motion had expired, Carrasco was barred.

■ As in *Carrasco*, Merriweather, through her Rule 29.12 motion, was asking the trial court to enter a new judgment reducing her sentence. There is no evidence in the record that the ten-year sentence was a "clerical error" as envisioned by Rule 29.-12(c) or that there was any intent on the part of the judge to order a sentence other than the one he did. Furthermore, there is no evidence of record that the judgment entered was not in fact the judgment of the court. As such, the trial court was without jurisdiction to reduce Merriweather's sentence under the Rule 29.12(c) motion.

■ Rule 24.035(a) provides that it is the exclusive procedure by which a person may seek relief in the sentencing court for the claims enumerated therein. And Rule 24.035(b) declares that failure to file a motion within the time provided by the Rule constitutes a complete waiver of any right to proceed under Rule 24.035. Therefore, the exclusive remedy for Merriweather to seek relief was Rule 24.035, and since the time for filing such a motion has expired, she is barred from doing so.[6] As a result, the trial court's denial of her Rule 29.12 motion was proper. While this result may seem harsh, or "unjust" as the Southern District of this court apparently said in *Carrasco, see Carrasco*, 877 S.W.2d at 116, we are constrained to follow the most recent controlling decision of our Supreme Court, Mo. Const. art. V, § 2, which, in this case, is *Carrasco*.

The judgment is affirmed.

All concur.

---

sentence, she is clearly time-barred under Rule 24.035.

**5.** In its opinion, the Supreme Court noted that the Missouri Court of Appeals, Southern District, had affirmed the trial court's denial of Carrasco's Rule 29.12 motion but then transferred the case to the Supreme Court pursuant to Rule 83.02, finding the application of Rule 24.035 unjust in Carrasco's situation. *Carrasco*, 877 S.W.2d at 116.

**6.** "The time limitations of Rule 24.035 have withstood constitutional scrutiny." *Carrasco*, 877 S.W.2d at 118 (citations omitted).