**STATE of Missouri, Plaintiff–Respondent,**

v.

**Larry TAYLOR, Defendant–Appellant.**

No. 22148.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 15, 1998.

Larry Taylor, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Larry Taylor (defendant) filed a pleading denominated "Motion Pursuant to Rule 29.12(b) to Correct a Manifest Injustice or Miscarriage of Justice." The pleading was filed in a criminal case in the Circuit Court of Howell County, Missouri, where defendant had been found guilty following a jury trial of manufacturing marijuana (Count I) and possession of more than 35 grams of marijuana (Count II). He was sentenced in the criminal case to imprisonment for a term of 12 years on Count I and imprisonment for a term of 7 years on Count II. The sentences were ordered to be served ˙consecutively. *See State v. Taylor,* 857 S.W.2d 482 (Mo.App. 1993).

The trial court determined that defendant's pleading was an untimely motion for post-conviction relief and dismissed the motion. Defendant appeals. This court affirms.

Defendant argues on appeal that the trial court erred in dismissing the proceeding; that it is "a motion pursuant to Supreme Court Rule 29.12 to correct a manifest injustice or miscarriage of justice." He asserts the sentence imposed in his criminal case was

in violation of his rights of due process and equal protection of law as guaranteed by the Missouri and U.S. Constitutions.

Rule 29.15 prescribes the remedy by which a person convicted of a felony can, after trial, assert a claim that his or her conviction or sentence is in violation of the constitution and laws of Missouri or the constitution of the United States. *See* Rule 29.15(a). For convictions where sentences were pronounced before January 1, 1996, postconviction relief is "governed by the provisions of Rule 29.15 in effect on the date the motion was filed or December 31, 1995, whichever is earlier". Rule 29.15(m).

Defendant was sentenced in the criminal case about which he complains May 20, 1991. The version of Rule 29.15 then in effect, Missouri Rules of Court (1991),[1] prescribed "the exclusive procedure" for a person convicted of a felony following trial to seek postconviction relief. It provided, "If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal...." Rule 29.15(b). It further declared, "The circuit court shall not entertain successive motions." Rule 29.15(k).

Defendant previously sought postconviction relief pursuant to Rule 29.15, the denial of which was appealed and consolidated with the direct appeal in his criminal case. *State v. Taylor, supra.* The order denying that motion was reversed and the motion remanded for further proceedings. *Id.* at 488. The record now before this court does not disclose the motion's disposition after it was remanded. Regardless, defendant may not now proceed with the motion that is the subject of this appeal. Although he purports to seek relief under Rule 29.12, in fact his motion is a successive Rule 29.15 motion and cannot be maintained. *Smith v. State,* 887 S.W.2d 601, 603 (Mo. banc 1994), *cert. denied,* 514 U.S. 1119, 115 S.Ct. 1981, 131 L.Ed.2d 868 (1995); *State v. McMillin,* 783 S.W.2d 82, 90 (Mo. banc), *cert. denied,* 498 U.S. 881, 111 S.Ct. 225, 112 L.Ed.2d 179 (1990); *Thomas v. State,* 878 S.W.2d 528 (Mo.App.1994). *See also State v. Carrasco,* 877 S.W.2d 115, 118 (Mo. banc 1994); *State v. Vickery,* 878 S.W.2d 460, 462 (Mo.App.1994); *Merriweather v. State,* 884 S.W.2d 359, 360–61 (Mo.App. 1994).

Even if this were not a successive motion, it is, as the trial court held, untimely. Obviously, this is not the appeal of the postconviction motion that was remanded in *State v. Taylor, supra.* *Taylor* was completed in 1993. The legal file reveals that this motion was initially submitted to the circuit clerk for filing December 15, 1997. As the trial court held, it was not filed within 30 days after the transcript in the appeal of defendant's criminal case was filed. The judgment dismissing defendant's motion is affirmed.

PREWITT, P.J., and CROW, J., concur.

---

1. Hereafter, references to rules are to Missouri Rules of Court (1991).