**Derek HOLMES, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

**No. ED 79467.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 26, 2002.

Jennifer S. Walsh, Asst. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Derek Holmes (Movant) appeals the denial of his Rule 29.15 motion for postconviction relief without an evidentiary hearing. Movant was found guilty by a jury of second-degree murder, Section 565.021, RSMo 2000, and armed criminal action, Section 571.015, RSMo 2000, for the death of the victim. Movant was sentenced to life imprisonment on both counts, to be served consecutively in the Missouri Department of Corrections. We affirmed Movant's convictions and sentences on appeal with an order opinion pursuant to Rule 30.25(b) and provided Movant with a memorandum explaining the reasons for affirming pursuant to Rule 30.25(b). *State v. Holmes,* 23 S.W.3d 756 (Mo.App. E.D. 2000). Movant filed a Rule 29.15 motion seeking postconviction relief. The motion court entered judgment denying Movant's claims without an evidentiary hearing. This appeal follows.

Our review of a denial of postconviction relief is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous; that is, if after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. Rule 29.15; *State v. Stepter,* 794 S.W.2d 649, 656 (Mo. banc 1990).

At the outset, we address Movant's third point as an issue of first impression.

In this point, Movant claims the motion court erred in denying his postconviction motion without an evidentiary hearing because the appellate court, in relying on Rule 30.25(b), violated his rights to due process, access to the court, and equal protection by issuing a written order in lieu of a published opinion in response to his direct appeal.

In denying Movant's claim, the motion court stated that "because the Rule was promulgated by the Supreme Court, it enjoys a presumption of constitutionality." The motion court further stated that "this is not the proper forum to maintain such a claim. It should be raised in a Motion for Rehearing or Transfer."

Article V, Section 12 of the Missouri Constitution specifically allows for the disposition of cases by order or memorandum decisions. Article V, Section 12 provides, in pertinent part, that "the supreme court and the court of appeals may issue memorandum decisions or dispose of a cause by order pursuant to and as authorized by supreme court rule." Rule 30.25(b) is the Supreme Court rule that authorizes an order opinion for criminal cases where no jurisprudential purpose would be served by a written, published opinion.

Rule 29.15 is the exclusive means of raising most claims attacking a criminal judgment of sentence after a jury trial. *State v. Carrasco*, 877 S.W.2d 115 (Mo. banc 1994). Relief on postconviction claims is appropriate only when the judgment of conviction was rendered in the absence of effective assistance of counsel to the Movant or in violation of a constitutional provision which renders the judgment per se unconstitutional or where there is a jurisdictional defect in the judgment or sentence. Postconviction relief is not a means of raising claims of error against the form of disposition by the appellate court or to challenge the constitutionality of Rule 30.25(b). Any claim of error concerning an appellate court's issuance of an order pursuant to Rule 30.25(b) may be appropriately raised in a motion for rehearing or transfer to the Supreme Court. We find that the motion court's findings of fact and conclusions of law are not clearly erroneous and Movant's point is denied accordingly.

No jurisprudential purpose would be served by addressing Movant's remaining points and these points are denied. Rule 84.16(b).

The judgment of the motion court denying Movant's Rule 29.15 motion for postconviction relief without an evidentiary hearing is affirmed.

CRANDALL, P.J., and CRANE, J., concur.