DeKalb County v. Hixon et al.

---

DeKalb County, Defendant in Error, v. Thomas H. Hixon et al., Plaintiffs in Error.

1. *Practice, Civil — Appeal — Right of court to amend its records after.* — Where, a cause having been appealed to the District Court, the record showed a dismissal as to a certain defendant, but no final judgment, and a writ of *certiorari* in the cause showed that the judgment had been ordered, but the clerk had omitted to enter it of record, the court below properly ordered its records amended *nunc pro tunc*, so as to show that final judgment followed the order of dismissal. The court had lost jurisdiction of the case, but not of its records.

| | |
|---|---|
| 44 | 341 |
| 41a | 600 |
| 44 | 341 |
| 125 | 25 |
| 44 | 341 |
| 132 | 491 |
| 66a | 334 |
| 44 | 341 |
| 71a | 273 |
| 44 | 341 |
| 141 | 397 |
| 143 | 69 |
| 44 | 341 |
| 87a | 49 |
| 44 | 341 |
| 166 | 656 |
| 44 | 341 |
| 171 | 75 |
| 171 | 505 |
| 95a | 514 |

*Error to Fifth District Court.*

*S. A. Richardson*, for plaintiffs in error

I. The order of the Circuit Court dismissing this case is not such an order as a writ of error will lie for. (1 Mo. 222; 35 Mo. 190; 33 Mo. 117.)

II. The judgment of the Circuit Court does not help the case. It was rendered after the case was taken by writ of error to the District Court, and while the case was pending in the District Court. The Circuit Court, at the time of entering up that final judgment, had no jurisdiction whatever of the cause. (Ladd *et al.* v. Couzins, 35 Mo. 515; 41 Mo. 403.

*Strong & Chandler*, for defendant in error.

Currier, Judge, delivered the opinion of the court.

The question here raised relates to the authority of the Circuit Court in ordering amendments of its own records. In that court the plaintiff dismissed as to one of the defendants, and the court, at a subsequent term, on motion of the remaining defendants,

dismissed the suit as to them. The amended transcript, brought into the District Court on *certiorari*, shows that when the court directed the dismissal it also ordered final judgment, which the clerk omitted to enter of record.

After an appeal, and while the cause was pending in the District Court, the Circuit Court ordered its records amended so as to show that a final judgment followed the order of dismissal; the record entry of the judgment being made *nunc pro tunc*. The defendants (plaintiffs in error) objected to this as unwarranted and beyond the jurisdiction of the court.

The objection is not well taken. The court had lost its jurisdiction of the case, but not of its records. It had authority, as well after as before the appeal, to amend its records according to the truth, so that they should accurately express the history of the proceedings which actually occurred prior to the appeal. (Welch v. Damon, 11 Gray, 383; Chichester v. Cande, 3 Cow. 42, note *a*; Mechanics' Bank v. Minthorne, 19 Johns. 244; Richardson v. Mellish, 11 Eng. C. L. 173.)

The collateral effects of such amendments, as regards liens and the rights of third parties, are not under consideration. Ladd v. Couzins, 35 Mo. 513, and Stewart v. Stringer, 41 Mo. 400, authorities relied upon by the defendants, are not in point. In these cases the things proposed to be done were rather additions to the proceedings than amendments of the records. The language of the court is to be construed in connection with the facts of the respective cases to which that language was applied. The parties proposed to bring upon the record fresh facts—new proceedings, which had not been recorded because they had not occurred until after the appeal. In fine, they proposed to deal with the *case*, and the court below had ceased to have any jurisdiction over *that*.

The action of the District Court reversing the judgment of the Circuit Court is affirmed. The other judges concur.