STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff-Respondent,

v.

Donald E. ROTH, Trustee, d/b/a Jordan Blythe Company and Don Roth Development Company, Defendants-Appellants.

No. 51573.

Missouri Court of Appeals,
Eastern District,
Division One.

June 2, 1987.

Motion for Rehearing and/or Transfer Denied July 2, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Samuel C. Ebling, David T. Hamilton, Clayton, for defendants-appellants.

Tracey Anne Hunsaker, Paul R. Ferber, St. Louis, for plaintiff-respondent.

KELLY, Presiding Judge.

This appeal is the culmination of protracted proceedings initiated over a decade ago when plaintiff-respondent Missouri Highway and Transportation Commission (hereinafter Missouri Highway) sought to condemn property owned by defendants-appellants Donald E. Roth, trustee, d/b/a Jordan Blythe Company and Don Roth Development Company, and by other persons not parties to this appeal. The condemnation commissioners awarded appellants $4,220,000.00 to which both sides excepted. During the pendency of a jury trial on the issue of damages, Missouri Highway paid the $4,220,000.00 award into the registry of the court which appellants withdrew in October, 1976 under the authority of section 523.053 RSMo 1969 (now 1986).

At the trial in 1983 on the exceptions, the jury returned a verdict assessing the damages of Donald E. Roth at $3,250,000.00, an amount $970,000.00 less than the commissioners' award already received. The judgment entered in accordance with the verdict made no mention of the $970,000.00 deficiency owed Missouri Highway. We upheld the jury award on appeal in *State ex rel. Missouri Highway and Transportation Commission v. Roth*, 687 S.W.2d 662, 666 (Mo.App.1985), which also raised no issue of the deficiency.

A year later, on March 28, 1986, the Highway Commission filed a motion to correct the judgment nunc pro tunc, asking the trial court to correct its judgment to order that appellants repay Missouri Highway $970,000.00, the amount appellants received under the commissioners' award in excess of the jury verdict. The trial court entered a judgment to that effect. Appellants now challenge the trial court's action claiming it lacked authority to enter the judgment requested. We disagree but, for

a different reason, must reverse and remand.

Appellants claim the trial court erred in attempting to amend its original judgment because its jurisdiction had been exhausted after the conclusion of the appeal. Appellants emphasize Missouri Highway had several opportunities to raise the omission of the deficiency prior to the nunc pro tunc motion, including its motion for new trial, its record on appeal, its appellate brief, its reply brief, and its motion for rehearing in the original appeal. Having failed to avail itself of these channels, Missouri Highway sought correction of the judgment by a nunc pro tunc order which appellants deem "misguided." Appellants state that our mandate from the appeal rang the death knell of the case and that Missouri Highway's efforts to resurrect the action were too late. From the foregoing, appellants conclude that, following the appeal, the trial court only had authority to enforce our mandate and not to enter a new judgment by a nunc pro tunc order over one year after our mandate affirming the trial court's original order.

Missouri Highway responds that the original judgment rendered correctly reflected the jury verdict; however, respondent argues the judgment was not recorded in accordance with section 523.045 RSMo 1986, the statutory provision governing the entry of the judgment rendered in a trial on the exceptions in a condemnation case. Appellants reply that the failure of Missouri Highway to submit a proper judgment to the trial court or of the trial court to enter a judgment sua sponte in accordance with the statute is no longer subject to correction by a nunc pro tunc order as proffered by Missouri Highway.

■ The issuance of our mandate does not necessarily preclude, despite appellant's view, a subsequent nunc pro tunc correction. *See e.g. Wiggins v. Perry,* 343 Mo. 40, 119 S.W.2d 839, 843 [3] (Mo. banc 1936). A trial court may lose jurisdiction of the case, but not of its records. It has authority, as well after as before the appeal, to amend its records according to the truth. *DeKalb County v. Hixon,* 44 Mo.

341, 342 [2] (1869). *See also* Annot., 126 A.L.R. 956, 972 (1940); 4 Am.Jur.2d, Appeal and Error § 354 (1962).

■ We have no quarrel with appellants' reliance on *Warren v. Drake,* 570 S.W.2d 803 (Mo.App.1978), for the proposition that the functional boundaries of nunc pro tunc orders are firmly established in this state. 570 S.W.2d at 806. They lie to correct clerical omissions, mistakes or misprisions to make the record speak the truth by evidencing an act done or a judgment actually rendered at a prior time but not carried into or faithfully recorded in the record. *Id.* [1]. They do not lie to correct judicial errors, mistakes or oversights, or to create a new record or to enter a judgment never made or one different from that actually rendered, albeit the judgment rendered was not the judgment the judge intended to make. *Id.*

It is evident that Missouri Highway seeks to have the judgment of the trial court corrected and amended to conform to the statutory directive of section 523.045 RSMo 1986 which specifically prescribes what the formal judgment in a condemnation action shall recite. Section 523.045 provides in pertinent part as follows:

If, within thirty days after the filing of any such commissioners' report the condemnor shall have paid the amount of any commissioners' award to the persons named in the petition as owning or claiming any property or rights or to the clerk of the court for them and ... if the amount of such award shall be superseded by a subsequent verdict or amount smaller than the award paid, then judgment shall be entered against said persons named to repay to condemnor the amount by which the award paid exceeds the amount of the verdict, with six percent interest on such excess payment from the date of the payment of the award.

Despite the clear language of section 523.045, the judgment by the trial court on a court memorandum recited only the following: "Jury returns verdict at 6:05 p.m. and assesses the damages of Donald E. Roth at $3,250,000.00. Verdict received

and judgment rendered thereon. Jury list, instructions and judgment filed." The minute entry in the judge's docket sheets is identical to the signed court memorandum. Although the subsequent verdict was smaller than the award previously paid by Missouri Highway to appellants, no judgment was entered against appellants to repay to Missouri Highway the amount by which the award had exceeded the verdict.

■ The law is that where upon the trial of a cause, a judgment is shown to have been rendered for one of the parties, and a statute directs what that judgment shall be, it is presumed that the judgment rendered by the court was such a judgment as only could have been rendered, and anything short of that will be attributed to the mistake or misprision of the clerk. *State ex rel. Grant v. Juden*, 50 S.W.2d 702, 703–4 [1] (Mo.App.1932). That an error is made by a judge rather than a clerk does not prevent it from being classified as a clerical error. *Gordon v. Gordon*, 390 S.W.2d 583, 587 [6] (Mo.App.1965).

In *Juden*, for example, tracts of land in a tax collection proceeding were described by number in the judgment, but not otherwise. The judge's docket contained minutes giving only the style and number of the case with the notation "Dismissed as to tracts 4, 6 and 7. Judgment tracts 1, 2, 3 and 5" and also giving three amounts reflecting the taxes, attorney fee and abstract fee due. A comparison of the judge's minutes with the judgment entered by the clerk reflected that the judgment conformed almost exactly to, and was no more comprehensive than, the bare recitals in the minutes.

After noting that the statute governing judgments in tax collection and lien enforcement proceedings required that the judgment describe the land involved, state the amount of taxes and interest due and the year or years for which due and decreeing that the lien be enforced, we concluded in *Juden* that the failure of the judgment to conform to the statute was an omission properly corrected by a nunc pro tunc amendment. 50 S.W.2d at 705. We expressly held as follows:

Based upon what appears from the judge's minutes, as well as the other evidence taken at the hearing upon the motion, the presumption obtains that it was the statutory judgment which the court intended, and the failure of the judgment entered to have conformed to the mandatory provisions of the statute is therefore to be charged to the mistake or misprision of the clerk. *Id.* [2].

■ Although appellants steadfastly maintain that the statute does not in and of itself create a judgment, we believe the reasoning of *Juden* to be equally persuasive here. Accordingly, we hold that, based upon reference to all the pleadings and records of the action, the presumption obtains that the trial court intended its judgment in this condemnation case, a *sui generis* proceeding, to have conformed to the mandatory provisions of the statute governing condemnation proceedings. The correction nunc pro tunc was proper.

In so holding, we must address appellants' second contention. Appellants argue that the trial court erred because it failed to pro-rate the deficiency among the parties pursuant to their interests at the time of the payment of the commissioner's award. We agree.

■ Section 523.053 RSMo 1986 requires that "[t]he respective interests of all parties in the award made as a result of the condemnation action ... shall be final and shall extend by percentage to ... any reduction of the award thereafter made, together with interest on the trial of exceptions." The judgment entered by the trial court recites the total amounts withdrawn from the registry of the court and the dates of withdrawal. It provides for recovery of the total deficiency from appellants jointly and severally; however, it fails to apportion liability for repayment of the deficiency based upon appellants' respective interests at the time of payout, according to section 523.053 RSMo 1986. Accordingly, we direct the trial court set out in its judgment the percentages of interest previously determined by the trial court in its payout order as required under section 523.053. See *City of Columbia v. Bauri-*

 

*chter*, 684 S.W.2d 903, 905 (Mo.App.1985); *State ex rel. State Highway Commission v. Livingston*, 594 S.W.2d 651, 655 [2] (Mo. App.1980).

Judgment reversed and remanded with directions.

CRIST, J., and JOSEPH J. SIMEONE, Senior Judge, concur.