

# SUPREME COURT OF MISSOURI
## en banc

ZACH McGUIRE, *et al.*,      )
                                   )
          Respondents,     )
                                   )
v.                                  )     No. SC93836
                                   )
KENOMA, LLC, *et al.*,      )
                                   )
          Appellants.      )

### APPEAL FROM THE CIRCUIT COURT OF HENRY COUNTY
The Honorable James K. Journey, Judge

*Opinion issued November 12, 2014*

Synergy, LLC, and Kenoma, LLC, (collectively "Synergy") appeal the trial court's nunc pro tunc judgment awarding the plaintiffs statutory post-judgment interest on the damages awarded on their tort claims. In its sole point on appeal, Synergy asserts that the trial court erred in entering the nunc pro tunc judgment because a nunc pro tunc judgment may only be used to correct clerical errors and the record reflects that the award of statutory post-judgment interest was not requested or actually awarded until after the judgment became final. It claims this amendment of the judgment is a substantive change, not a correction of a clerical error. Because there is nothing in the record to reflect that the trial court intended to award post-judgment interest in its original judgment, this Court reverses the provisions in the trial court's nunc pro tunc judgment that awarded post-judgment interest.

**Factual and Procedural Background**

This case was initiated by twelve plaintiffs who filed suit against Synergy, claiming that its large-scale hog operations constituted a temporary nuisance. On May 10, 2011, the trial court entered a judgment against Synergy following a jury trial awarding the plaintiffs damages on their tort claims. The judgment did not award post-judgment interest or state an applicable interest rate as prescribed in section 408.040.[1] Despite this omission, the plaintiffs did not file a timely post-trial motion to request the inclusion of post-judgment interest, seek to amend the judgment, or file an appeal claiming error in the judgment.

In the appeal by Synergy of the original judgment, the court of appeals affirmed the judgment, in part, and reversed it, in part. *McGuire v. Kenoma, LLC,* 375 S.W.3d 157 (Mo. App. 2012). Because all errors were corrected by the court of appeals in its opinion, it did not remand the case. *Id.* at 179, 190. After the court of appeals and this Court denied Synergy's post-opinion motions, the court of appeals issued its mandate on September 27, 2012.

After the mandate issued, the plaintiffs filed a motion in the trial court on October 2, 2012, asking the court to award post-judgment interest, set the post-judgment interest rate, and affix their costs. The motion requested an amendment nunc pro tunc of the now final judgment so the plaintiffs could receive post-judgment interest at a rate of 5.09 percent on a principal sum of $1.51 million, retroactive to May 10, 2011. Synergy filed

---

[1] Unless otherwise noted, statutory references are to the RSMo Supp. 2013.

an opposition to the plaintiffs' motion, and the trial court held a hearing. At the conclusion of the hearing, the trial court orally granted the plaintiffs' motion.

Thereafter, the trial court entered its "Nunc Pro Tunc Journal Entry," retroactively amending the May 10, 2011 judgment to award the plaintiffs the interest requested and affix costs.[2] Synergy filed a notice of appeal within ten days of the trial court's decision. Due to the omission of the word "judgment" in its original nunc pro tunc journal entry, the trial court then entered a corrected judgment titled "Nunc Pro Tunc Journal Entry and Judgment." Synergy appealed, contending the trial court erred in entering its nunc pro tunc judgment because the trial court's failure to determine the post-judgment interest rate was a substantive error, not a clerical error, and nunc pro tunc was not an appropriate remedy. This Court granted transfer after an opinion by the court of appeals. Mo. Const. art. V, sec. 10.

**Standard of Review**

The interpretation of a Missouri statute is a question of law that this Court reviews *de novo*. *Kivland v. Columbia Orthopaedic Grp., LLP*, 331 S.W.3d 299, 311 (Mo. banc 2011). When there are no factual disputes, the application of a statute is also reviewed *de novo*. *Billings v. Div. of Employment Sec.*, 399 S.W.3d 804, 806 (Mo. banc 2013). Additionally, the rules of the Supreme Court of Missouri are reviewed *de novo* because "'[t]his Court interprets its rules by applying the same principles used for interpreting statutes.'" *In re Hess*, 406 S.W.3d 37, 43 (Mo. banc 2013). When only legal issues are

---

[2] Synergy does not contest the trial court's award of costs because they were previously awarded in the trial court's original judgment.

3

at stake, this Court reviews the trial court's judgment *de novo*. *Dudley v. Agniel*, 207 S.W.3d 617, 618 (Mo. banc 2006).

## The Proper Use of Nunc Pro Tunc Judgments

The issue on appeal is whether a trial court may enter a nunc pro tunc judgment to award plaintiffs statutory post-judgment interest in a tort action when there is no indication in the record that the trial court intended to set an interest rate or order payment of interest until after the judgment became final. Since 1988, Rule 74.06(a) governs nunc pro tunc judgments. Section 408.040 regulates awards of post-judgment interest.[3]

Nunc pro tunc emerged as a common law power to allow a court that has lost jurisdiction over a case to maintain jurisdiction over its records to correct clerical mistakes in the judgment arising from either scrivener's errors or from omissions that are indicated in the record but are not recorded in the original judgment. *Pirtle v. Cook*, 956 S.W.2d 235, 240 (Mo. banc 1997). The court retains jurisdiction over its records so that it may "amend its records according to the truth, so that they should accurately express the history of the proceedings which actually occurred prior to the appeal." *DeKalb Cnty. v. Hixon*, 44 Mo. 341, 342 (Mo. 1869). The label "clerical mistake" is not intended to

---

[3] Section 408.040 provides:

> All such judgments and orders for money shall bear a per annum interest rate equal to the intended Federal Funds Rate, as established by the Federal Reserve Board, plus five percent, until full satisfaction is made. The judgment shall state the applicable interest rate, which shall not vary once entered.

4

designate who made the mistake, but what type of mistake was made. *Gordon v. Gordon*, 390 S.W.2d 583, 586-87 (Mo. App. 1965). As such, a clerical mistake can be committed by a judge or clerk. *Id.* But the correction of the mistake must be clerical insofar as it must not effect a substantive change to the party's rights. *Pirtle*, 956 S.W.2d at 242-43. A nunc pro tunc correction is confined to "that which was *actually done* . . . it may not be used to order that which was *not* actually done, or to change or modify the action which was taken." *Soehlke v. Soehlke*, 398 S.W.3d 10, 22 (Mo. banc 2013) (internal quotations and citations omitted).

Nunc pro tunc cannot be used to add anything to the judgment that is not in some way already reflected in the record, even if a judge should have included or intended to include the omission or has a laudatory motive in wanting to amend the judgment. *City of Ferguson v. Nelson*, 438 S.W.2d 249, 253 (Mo. 1969); *see also Soehlke*, 398 S.W.3d at 21 (finding a nunc pro tunc judgment was not authorized under Rule 74.06(a), "[h]owever laudatory the court's purpose"). Nunc pro tunc cannot even be used to amend the judgment "by agreement and consent of the parties with the approval of the court" unless this agreement is supported in the original record. *Scharlott v. Gibson*, 463 S.W.2d 849, 850 (Mo. 1971). This Court has narrowly defined "a clerical mistake" as "a mistake in writing or copying." *Higher Educ. Assistance Foundation v. Hensley*, 841 S.W.2d 660, 662-63 (Mo. 1992). The narrowly proscribed purpose of nunc pro tunc is to allow the trial court to amend its judgment so that the judgment will conform to what is actually evidenced in the record. *Pirtle*, 956 S.W.2d at 240.

In this way, nunc pro tunc can be contrasted with a court's power to amend a judgment when it still retains jurisdiction over the case. Under Rule 75.01, within 30 days after issuing the judgment, a trial court may, "after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Rule 75.01. This Court has contrasted the purpose of Rule 75.01, to "simplify or forestall any further litigation at the appellate level," with the purpose of nunc pro tunc to "make the record conform." *Pirtle*, 956 S.W.2d at 241 (citations omitted). Unlike Rule 75.01, a nunc pro tunc judgment is not a "judicial declaration of the parties' rights" but merely a judicial power to ensure the accuracy of its own records. *Id.* at 242. Moreover, unlike an amended judgment under Rule 75.01, a correction by a nunc pro tunc judgment does not create a new judgment. *Id.* at 239. Instead, the corrected judgment relates back to the time the original judgment was issued, with nothing changed regarding the time limit for appeals of the original judgment and no notice or opportunity to be heard is required. *Id.* at 241.

In 1988, Rule 74.06(a) codified common law nunc pro tunc. *Pirtle*, 956 S.W.2d at 240. Rule 74.06(a) provides:

> **Clerical Mistakes – Procedure.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

The plaintiffs argue that Rule 74.06(a) made changes in civil procedure by "changing from a common-law based standard for orders nunc pro tunc to a rule-based standard under Rule 74.06(a)" such that "[f]rom that point forward the plain language of the Rule,

and not the prior common law, dictated the use of *nunc pro tunc*," having "replaced and superseded the common law." The plaintiffs contend that Rule 74.06(a) no longer requires that a nunc pro tunc judgment only corrects "what was actually done" but instead allows "a mechanism to correct omissions in judgments, so long as those omissions result from oversights."

Plaintiffs maintain that the omission of the post-judgment interest is a clerical omission because there is a presumption that the failure to comply with a statute is classified as a clerical error. In the alternative, they contend that the plain language of Rule 74.06(a) does not exclude the correction of *either* clerical or substantive omissions but allows the correction of "errors . . . arising from oversight or omission" regardless of what was actually done. Therefore, they assert the court may use a nunc pro tunc judgment to make substantive changes in a judgment as long as the court is not exercising its discretion to act "in favor of one party or the other and its act is in the furtherance of justice."[4] In effect, plaintiffs argue that even if the inclusion of post-judgment interest is a substantive change to the judgment, it is allowed under Rule 74.06(a).

Plaintiffs' attempt to sever Rule 74.06(a) from its common law roots to broaden Rule 74.06(a) to include "omissions from oversights" when such oversights are not expressed in the record is directly contrary to this Court's interpretation of Rule 74.06(a).

---

[4] A statute is substantive, and not merely relating to the form and language of the judgment, if it creates, defines, and regulates rights. *Wilkes v. Missouri Highway Transp. Comm'n*, 762 S.W.2d 27, 28 (Mo. banc 1988). Interest rates do not "relate to the form or language of the judgment" but relate to the substance of the judgment insofar as the statute affects a plaintiff's substantive right to recover interest on a judgment. *Good Hope Missionary Baptist Church v. St. Louis Alarm Monitoring Co., Inc.*, 358 S.W.3d 528, 533 (Mo. App. 2012).

This Court has interpreted Rule 74.06(a) as an embodiment of common law nunc pro tunc, intended to codify, not alter, the existing substantive common law. *Pirtle*, 956 S.W.2d at 240 (stating "this common law power to correct the record continues to this day."). Post-Rule 74.06(a) opinions have reaffirmed that nunc pro tunc judgments can only be used to make corrections that were omitted from the judgment but "were actually done" and evidenced in the record. Nine years after the enactment of Rule 74.06(a), this Court in *Pirtle* held that "[t]he court's power over its records, therefore, exists so that the court can cause its records to represent accurately what occurred previously." 956 S.W.2d at 240. Twenty-five years after the enactment of Rule 74.06(a), this Court, in *Soehlke*, held that "the only true function of a nunc pro tunc order is to correct some error or inadvertence in the recording of that which was *actually done*." 398 S.W.3d at 22 (internal citations omitted). Therefore, the plaintiffs' argument that an omission from oversight may be corrected by nunc pro tunc even without evidence of the omission in the record is discredited by this Court's consistent adoption of common law nunc pro tunc jurisprudence in its interpretation of its rule. It is irrelevant whether the omission is clerical or substantive, as correction of neither is permitted by a nunc pro tunc judgment without evidence in the record. For the post-judgment statutory interest to be corrected in this case by a nunc pro tunc judgment, the plaintiffs must show that the omission from the judgment was actually done by the trial court and reflected in the record.

Under both common law nunc pro tunc jurisprudence and Rule 74.06(a), "[a] presumption exists that there are no clerical errors in judgments." *Pirtle*, 956 S.W.2d at 243. The party seeking the correction has the burden to prove that the judgment did not

8

conform to the record. *Id.* at 243. The party seeking correction must prove that: (1) the correction does not include any "exercise of judicial discretion" because "any such change constitutes a change in the court's judgment," not merely a correction of a clerical error, and (2) the clerical error is "discernible from the record." *Id.* (citations omitted). The evidence needed to prove the error or omission is discernible from the record is broad, as long as it can "in some way show, either from the judge's minutes, the clerk's entries, or some paper in the cause, the facts authorizing such [nunc pro tunc] entries." *Childers v. State*, 502 S.W.2d 249, 251 (Mo. 1973).

In the present case, it is undisputed that the record shows no timely request for the inclusion of the applicable interest rate, and neither the record nor the original judgment included the statutorily mandated interest rate. The plaintiffs, however, argue that even though the trial court originally omitted the statutory interest from the judgment and had lost jurisdiction over the case before the plaintiffs requested the interest, the nunc pro tunc correction of the judgment to include statutory interest was appropriate because "this action did not require the exercise of discretion, and was in fact a ministerial act . . . because it was merely conforming the judgment to the statute."

The plaintiffs state that the omission of post-judgment statutory interest is a clerical error that does not change the substance of the judgment because the interest is automatic insofar "it does not require any party to make a request" and is mandatory, outside the realm of judicial discretion. According to the plaintiffs, the omission is discernible in the record because its omission is "patent on the judgment" and the interest

9

rate is fixed as equal to the Federal Funds Rate plus five percent.[5] The plaintiffs find

support for their argument in a long line of cases, the most cited of which is *State ex rel.*

*Missouri Highway and Transp. Comm'n v. Roth*, 735 S.W.2d 19 (Mo. App. 1987).[6]

In *Roth*, the trial court's original judgment failed to order plaintiffs to repay the

difference between their jury award and the amount already paid to them by the

condemnation commissioners, as required by section 523.045, RSMo 1986. *Id.* at 20.

The trial court issued a nunc pro tunc judgment requiring the repayment. On appeal, the

court of appeals affirmed the nunc pro tunc judgment, holding:

> The law is that where upon the trial of a cause, a judgment is shown to have
> been rendered for one of the parties, and a statute directs what that
> judgment shall be, it is presumed that the judgment rendered by the court
> was such a judgment as only could have been rendered, and anything short
> of that will be attributed to the mistake or misprision of the clerk.

*Id.* at 22. *Roth's* holding that omissions of mandatory statutory language are presumed to

be clerical errors correctable by a nunc pro tunc judgment has since been relied on in

---

[5] Though not dispositive in this case, it should be noted that as of December 2008, the intended federal funds rate, as established by the Federal Reserve Board, is no longer a fixed percentage but a range. Board of Governors of the Federal Reserve System, *Open Market Operations*, http://www.federalreserve.gov/monetarypolicy/openmarket#2012 (last visited October 23, 2014) (record retained in this file). For example, on May 10, 2011, the day of the trial court's original judgment, the intended federal funds rate was 0-0.25 percent. *Id.* Because of this, a court appears to have discretion to set the intended federal funds rate, so that setting the amount of post-judgment interest would be a discretionary action.

[6] *See also State ex rel. and to Use of Grant v. Juden*, 50 S.W.2d 702, 704 (Mo. App. 1932) (citing as precedent *Wand v. Ryan*, 166 Mo. 646 (Mo. 1901), *Lexington & St. L. R.R. Co. v. Mockbee*, 63 Mo. 348 (Mo. 1876), *Horstkotte v. Menier*, 50 Mo. 158 (Mo. 1872), *Mann v. Schroer*, 50 Mo. 306 (Mo. 1872), *Saunders v. Scott*, 111 S.W. 874 (Mo. App. 1908), *Carter v. Louisiana Purchase Exposition Co.*, 102 S.W. 6 (Mo. App. 1907), *Burns v. Sullivan*, 90 Mo. App. 1 (1901), and *Farley Bros. v. Cammann*, 43 Mo. App. 168 (1891).

*Korman v. Lefholz*, 890 S.W.2d 771, 773 (Mo. App. 1995), *In re Marriage of Ray*, 820 S.W.2d 341, 344 (Mo. App. 1991), *Newberry v. State*, 812 S.W.2d 210, 212 (Mo. App. 1991), and *Hassler v. State of Missouri*, 789 S.W.2d 132, 134 (Mo. App. 1990). The plaintiffs argue that this line of cases justifies the trial court's nunc pro tunc judgment because it was "merely conforming the judgment to the statute." In contrast, Synergy contends that the above line of cases and the lower courts' holdings contradict this Court's precedent that nunc pro tunc judgments may only correct a judgment to reflect that which was actually done.[7]

*Roth* and similar cases are contrary to this Court's recognition that judgments are presumed to be free from clerical errors, a presumption that can only be overcome if the clerical error is discernible from the record.[8] The narrow purpose of nunc pro tunc is to allow a court to make a judgment conform to the *record*, not, as the plaintiffs would have it, to conform to the requirements of a *statute*. *Pirtle*, 956 S.W.2d at 240. Nunc pro tunc

---

[7] Synergy also asserts that an omission of post-judgment interest can never be corrected by a nunc pro tunc judgment. Synergy contends that clerical omissions of statutory language cannot be corrected by nunc pro tunc judgments but must be raised by a post-trial motion, pursuant to Rule 78.07(c). Rule 78.07(c) provides: "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Rule 78.07(c) is inapplicable to the issues in this case and does not supersede nunc pro tunc jurisprudence. It relates merely to the preservation of error on appeal and does not preclude a trial court from correcting an error or inadvertence in the recording of an action actually taken by the trial court, as authorized by Rule 74.06(a). To find otherwise would render the provisions in Rule 74.06(a) superfluous and without meaning.

[8] Although not cited by the plaintiffs, dicta in *State v. Carrasco*, 877 S.W.2d 115, 116 (Mo. banc 1994), is also consistent with the holding in *Roth*. In *Carrasco*, this Court adopted the position of the court of appeals that a failure to "comply with the mandate of law . . . is deemed to be a clerical error, even though [it is] in fact the fault of the judge."

11

judgments, therefore, cannot be used to correct a failure to include mandatory statutory language that should have been included in the original judgment but was omitted in error. To do otherwise would allow changes that would change a party's substantive rights, an action allowed under Rule 75.01, but not nunc pro tunc jurisprudence and Rule 74.06(a). *Id.* at 242-43. Even if the trial court intended to include the post-judgment interest in its original judgment, and even if the post-judgment interest is mandated by statute, an omission of an award of interest cannot be considered a mere clerical error – a mistake in writing or copying that can be found in the record but was inadvertently omitted from the judgment.

Without evidence in the record to indicate that the award of post-judgment interest was actually made, the omission of the mandatory statutory language in a judgment is mere error, correctable by either a motion pursuant to Rule 75.01 or Rule 78.07, but not by nunc pro tunc. *Ferguson*, 438 S.W.2d at 255 (stating that "the failure of the court to include a provision for imprisonment in the judgments would be mere error, which is not corrected by nunc pro tunc proceedings."). Moreover, the parties' post-judgment stipulation of a federal funds interest rate of 5.09 percent, even with court approval, cannot be the basis of a correction by nunc pro tunc unless the stipulation is supported by an entry in the record. *Scharlott*, 463 S.W.2d at 850. Because there is no evidence in the record to suggest that the trial court had intended to include the post-judgment interest in its original judgment but merely omitted the interest as a clerical error, the trial court erred in issuing the nunc pro tunc judgment to retroactively include the post-judgment interest in its May 10, 2011, judgment.

12

**Conclusion**

This Court finds that the trial court erred in issuing a nunc pro tunc judgment to retroactively include post-judgment statutory interest in its May 10, 2011, judgment. Though the trial court should have included the award of post-judgment interest in its original judgment, it did not; nor is there any evidence in the record showing the court's intention to set the interest rate. Without any evidence in the record to show that the nunc pro tunc judgment merely corrected an omission of something that was actually done, the use of a nunc pro tunc judgment was improper because the retroactive inclusion of the post-judgment interest substantively changed the judgment. Accordingly, this Court reverses the provisions setting an interest rate and awarding post-judgment interest in the judgment. The judgment is affirmed in all other respects.

_____
PATRICIA BRECKENRIDGE, JUDGE

All concur.

13