

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | |
|---|---|
| THOMAS DENNIS and SONYA CHERRY,) | No. ED103904 |
| ) | |
| Appellants, ) | Appeal from the Circuit Court |
| ) | of St. Louis County |
| vs. ) | |
| ) | Hon. Robert S. Cohen |
| RIEZMAN BERGER, P.C. and MERCY ) | |
| HOSPITAL JEFFERSON, ) | |
| ) | Filed: |
| Respondents. ) | September 20, 2016 |

Thomas Dennis and Sonya Cherry ("Appellants") each sued Riezman Berger, P.C. ("Riezman") and Mercy Hospital Jefferson ("Mercy") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Missouri Merchandising Practices Act ("MMPA").  Cherry made an additional claim against Riezman and Mercy for wrongful garnishment.  The cases were consolidated, and Riezman and Mercy both moved to dismiss Appellants' petitions.  The motions were heard, and the trial court entered judgment dismissing both petitions with prejudice at Appellants' cost.  Appellants now appeal from that judgment.  We reverse and remand.

In their petitions, Thomas Dennis and Sonya Cherry both alleged the following: Mercy, by and through its collection attorneys, Riezman, filed collection suits against them alleging that they owed outstanding balances for unpaid medical services.  In Dennis's petition, he alleged that he and Mercy agreed to enter into a consent judgment whereby Dennis agreed to incrementally pay Mercy the balance owed.  Riezman mailed Dennis the

proposed consent judgment, which he signed and returned. Riezman then had the judgment entered. The judgment did not provide for recovery of post-judgment interest. In Cherry's petition, she alleged that Mercy and Riezman took a default judgment against her at their first opportunity, and it did not provide for the recovery of post-judgment interest.

In both petitions, Dennis and Cherry further alleged post-judgment interest is only recoverable if it is expressly awarded in the judgment. They further alleged that the thirty-day deadline to file a motion to modify the judgments and request the court to award post-judgment interest had expired, that Mercy had not filed post-judgment motions requesting that post-judgment interest accrue on the judgments, and that as of the date of the petitions, no party had ever made a request for post-judgment interest to accrue on the judgments. In Dennis's case, he alleged the following: over the several months following the entry of the consent judgment, he made several payments to Mercy, in care of its collection attorneys, Riezman. Thereafter, Riezman filed an Execution/Garnishment/Sequestration application directed to Dennis's bank. Within their garnishment, Mercy and Riezman claimed that the amount Dennis owed included post-judgment interest and did not properly credit Dennis for the payment he had made. The entire amount of the garnishment was applied to Dennis's bank account, which was insufficient to cover it. His bank assessed a fee for his failure to maintain funds in his account. Had Mercy and Reizman only issued a garnishment for the amount Dennis claims he actually owed, Dennis would have had enough funds in his account to cover the garnishment and would not have been assessed the bank fee. Cherry alleged that in her case, three garnishments were issued which sought, *inter alia*, post-judgment interest.

2

Dennis further alleged that Mercy and Riezman attempted to excuse their unlawful seizure of funds and unilaterally sent him a check, which constituted an admission of liability that they had unlawfully garnished Dennis over the amount he owed on the judgment but did not provide full restitution for the amount of the illicit garnishment. He further alleged the check did not compensate him for the bank fee, the stress and anxiety of having his bank account depleted to a zero balance or the three-month dispossession and lack of use of his funds.

Dennis and Cherry both claimed Riezman's actions violated the FDCPA. Dennis alleged Riezman violated the FDCPA by: (1) falsely representing the character, amount, and legal status of the debt; (2) threatening to take action that cannot legally be taken; and (3) collecting an amount that is not permitted by law. Cherry claimed that Riezman violated the FDCA by: (1) collecting an amount not authorized by law or agreement between Cherry and Mercy and Riezman; (2) falsely representing the amount of the debt; and (3) taking Cherry's money by making misrepresentations about the amount and content of the judgment. Both Dennis and Cherry sought judgment that Riezman's conduct violated the FDCPA as well as actual damages, statutory damages, costs and reasonable attorney's fees and further relief the court deemed proper.

Dennis and Cherry also claimed that Mercy and Riezman's actions violated the MMPA. They both alleged that Mercy and Riezman used "deception, false pretenses, false promises, misrepresentation, factual omissions and unfair business practices when they garnished funds" from them, which they did not owe and which were not awarded by the underlying judgments. They alleged Mercy and Riezman drafted the judgments, which did not provide for post-judgment interest, and had access to them at all times relevant to their

3

collection activity and knew they did not award post-judgment interest.  Both Dennis and Cherry alleged that Mercy and Riezman's actions caused them ascertainable loss, and they prayed for actual damages, punitive damages, reasonable attorney's fees, and further relief the court deemed proper.

Cherry's petition also included a wrongful garnishment claim as to Mercy and Riezman, alleging they abused and/or misused garnishment rules and intentionally caused a garnishment to take funds they knew she did not owe, namely illicit post-judgment interest.  Cherry sought actual and punitive damages as well as any further relief the court deemed proper.

Riezman filed motions to dismiss in both cases arguing that Appellants' petitions were premised on the same allegations, *i.e.*, that the underlying judgments entered against Appellants for nontort debt did not specifically provide for the collection of post-judgment interest on the judgment and that the subsequent collection of such interest violated the FDCPA and MMPA, and in the case of Cherry, established a wrongful garnishment claim. Riezman claimed that Missouri law does not require a judgment to expressly allow for the collection of post-judgment interest in order for it to be collected from the judgment debtor and that, therefore, Appellants failed to state a cause of action upon which relief could be granted.  Mercy filed a one sentence motion to dismiss in both cases praying that the petitions be dismissed for failure to state a cause of action upon which relief can be granted without citing any more specific grounds for the motions.[1]  Thereafter, the cases were consolidated, and the motions to dismiss were heard and granted.  The cases were

---

[1]Both of Mercy's motions simply stated the following:  "COMES NOW Defendant, Mercy Hospital, and does hereby pray that the Petition filed herein be dismissed for failure to state a cause of action upon which relief can be granted."

dismissed with prejudice at plaintiff's cost. The trial court's order of judgment does not indicate any specific basis for the dismissal. This appeal follows.

We review a trial court's grant of a motion to dismiss *de novo*. In re Estate of Austin, 389 S.W.3d 168, 171 (Mo. banc 2013). "A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." State ex rel. Henley v. Bickel, 285 S.W.3d 327, 329 (Mo. banc 2009) (internal quotations omitted). The plaintiff's averments are assumed to be true, and all reasonable inferences therefrom are liberally granted in the plaintiff's favor. Id. "[T]he petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." Id. In order to survive the motion, "the petition must invoke substantive principles of law entitling plaintiff to relief and . . . ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial." Id. (internal quotation omitted). In making our determination, we do not address the merits of the case or consider evidence outside the pleadings. Brennan By and Through Brennan v. Curators of the Univ. of Mo., 942 S.W.2d 432, 434 (Mo. App. W.D. 1997).

Where, as here, the trial court did not state a basis for its dismissal, "we presume that dismissal was based on the grounds stated in the motions to dismiss and will affirm if dismissal was appropriate on any ground supported by the motions." Duvall v. Lawrence, 86 S.W.3d 74, 78 (Mo. App. E.D. 2002). "If the motion to dismiss cannot be sustained on any ground alleged in the motion, the trial court's ruling will be reversed." Austin, 389 S.W.3d at 171. However, we will not affirm "the grant of a motion to dismiss on grounds that are not stated in the motion." Breeden v. Hueser, 273 S.W.3d 1, 6 (Mo. App. W.D.

2008).  Here, the only grounds effectively stated in Mercy and Riezman's motions to dismiss were that Appellants fail to state a cause of action upon which relief can be granted since their petitions are premised on the allegation that the underlying judgments did not specifically provide for the collection of post-judgment interest.  Riezman argued in its motion to dismiss that Missouri law does not require a judgment to expressly allow for the collection of post-judgment interest in order for it to be collected from the judgment debtor.  While Mercy filed a one-sentence motion making the very basic allegation that Appellants failed to state a cause of action upon which relief can be granted, it did not provide any specific grounds for the motion which this Court can review, much less affirm.  Moreover, the parties conceded that the only issue before the trial court was whether the petitions should be dismissed based upon the argument that the underlying judgments were not required to expressly provide for the collection of post-judgment interest.  Accordingly, this is the only issue we will address.[2]  Because we find that post-judgment interest is not an automatic award and must be included in the judgment, we find that the petitions were improperly dismissed, and we reverse and remand.

---

[2] For the first time on appeal, Riezman, in its response brief, raises additional grounds for dismissal.  Riezman tries to use language from a footnote in Dotson v. Dillard's, 472 S.W.3d 599, 603 (Mo. App. W.D. 2015), to argue that a respondent may raise new arguments not heard at the trial court because the appellate court can affirm a trial court's judgment on any grounds as long as it reached a correct result.  Not only did Dotson involve a motion to compel arbitration rather than motions to dismiss, which are at issue in this case, but the court in Dotson also specifically noted the unique procedural posture of the case given that the argument that was raised for the first time on appeal involved a threshold matter the trial court was to address.  Id.  Moreover, the authority the Dotson court cites involved an appeal from a court-tried case, with an entirely different standard of review than the present case.  See Sparks v. Sparks, 417 S.W.3d 269, 278 (Mo. App. W.D. 2013).  The applicable law is as we have previously stated, and we will not affirm "the grant of a motion to dismiss on grounds that are not stated in the motion."  Breeden v. Hueser, 273 S.W.3d 1, 6 (Mo. App. W.D. 2008).  Accordingly, we will not review the additional grounds for dismissal Riezman argued for the first time on appeal.

Mercy and Riezman argue that Section 408.040.2 does not require a judgment to expressly allow for collection of post-judgment interest in order for it to be collected from a judgment. We disagree. Specifically, the relevant subsections of Section 408.040 state:

> 2. In all nontort actions, interest shall be allowed on all money due upon any judgment or order of any court from the date judgment is entered by the trial court until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contracts bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid.

> 3. Notwithstanding the provisions of subsection 2 of this section, in tort actions, interest shall be allowed on all money due upon any judgment or order of any court from the date judgment is entered by the trial court until full satisfaction. All such judgments and orders for money shall bear a per annum interest rate equal to the intended Federal Funds Rate, as established by the Federal Reserve Board, plus five percent, until full satisfaction is made. The judgment shall state the applicable interest rate, which shall not vary once entered. . . .

Sections 408.040.2, 408.040.3. While the statute distinguishes between nontort and tort actions, in both situations it provides that "interest *shall be allowed* on all money due upon judgment or order from the date judgment is entered by the trial court" until satisfaction. Sections 408.040.2, 408.040.3 (emphasis added). "The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language." Bateman v. Rinehart, 391 S.W.3d 441, 446 (Mo. banc 2013). We must presume that every word of the statute has an effect and that "the legislature did not insert superfluous language." Id. "When the words are clear, there is nothing to construe beyond applying the plain meaning of the law." Id. (internal citations omitted). We will only look beyond the plain meaning of the statute "when the language is ambiguous or would lead to an absurd or illogical result." Id. Here, the plain language

7

of the statute, "shall be allowed" found in the subsections applicable to judgments in both nontort and tort actions indicates that the collection of post-judgment interest is not automatic on every judgment. Sections 408.040.2, 408.040.3. Instead, the plain meaning of the word "allowed" indicates that post-judgment interest must be permitted by the trial court. While the use of the word "shall" indicates a lack of discretion, we interpret the phrase "shall be allowed" to indicate that the trial court has a mandatory duty to grant post-judgment interest where sought, not that such interest is automatic on every judgment.

The language of next phrase of each subsection of the statute, which sets out the specific rate of interest to be applied, begins "all such judgments." Sections 408.040.2, 408.040.3. Again, this does not refer to all judgments since the post-interest judgment is automatic, but instead refers to all judgments that have been "allowed" per the preceding clause. While Section 408.040.3 states the additional requirement that judgments in tort actions state the applicable interest rate according to the prescribed formula, this additional requirement does not mean that post-judgment interest is automatically awarded in nontort cases. Instead, post-judgment interest must be included in the judgment, whether on a nontort or tort action, with the additional requirement that the applicable interest rate be stated in a tort action judgment.

We find the argument that the an award of post-judgment interest is automatic on a tort judgment inconsistent with the decision of the Missouri Supreme Court in McGuire v. Kenoma and find the Court's reasoning in that case applicable to both nontort and tort judgments, especially given that similarity in the language of the subsections of the statute as described above. 447 S.W.3d 659, 665-67 (Mo. banc 2014). In McGuire, the Missouri Supreme Court held that the use of a *nunc pro tunc* judgment was improper to retroactively

8

include post-judgment interest under Section 408.040 absent evidence the trial court intended to include post-judgment interest in its original judgment. Id. at 667. Twelve plaintiffs filed suit against defendant claiming its hog operations created a temporary nuisance. Id. at 661. Following a jury trial on their tort claims, judgment was entered awarding plaintiffs damages, but the judgment did not award post-judgment interest or identify an applicable interest rate. Id. There was no post-trial motion requesting inclusion of post-judgment interest, no motion to amend the judgment, and no appeal claiming error in the judgment. Id. at 662. After the case was appealed on other issues and a mandate issued, plaintiffs filed a motion in the trial court requesting the court award post-judgment interest, set the interest rate and affix their costs. Id. Plaintiffs requested the amendment *nunc pro tunc* of the final judgment so they could collect interest retroactive to the date judgment was entered on the verdict. Id. The trial court granted plaintiffs' motion, and defendant appealed. Id.

Plaintiffs argued that the omission of post-judgment interest was a clerical error that did not change the substance of the judgment because the interest was "automatic insofar it does not require any party to make a request and is mandatory, outside the realm of judicial discretion." Id. at 665 (internal citations omitted). However, the Court noted that *nunc pro tunc* judgments could not "be used to correct a failure to include mandatory statutory language that should have been included in the original judgment but was omitted in error. To do otherwise would allow changes that would change a party's substantive rights. . . ." Id. at 667. The Court held that because there was no evidence to suggest the trial court intended to include post-judgment interest in the original judgment, the trial court erred in issuing the *nunc pro tunc* judgment to include post-judgment interest. Id. In

9

so holding, the Missouri Supreme Court found that "the retroactive inclusion of the post-judgment interest substantively changed the judgment." Id.

Appellate court cases interpreting McGuire further support our opinion in this case. In Peterson v. Discover Prop. and Cas. Ins. Co., the Western District noted that,

> After McGuire . . . it is evident that an interest award pursuant to Section 408.040 must be made in the original judgment, pursuant to a timely amendment following a Rule 78.07 motion, pursuant to Rule 75.01, or even pursuant to a *nunc pro tunc* where there is evidence in the record that the trial court intended to include an interest rate or order payment of interest at the time the judgment was entered.

460 S.W.3d 393, 413 (Mo. App. W.D. 2015). Because an amendment to the judgment in Peterson was not sought and error was not timely asserted, the court found it was improper for the trial court to amend the judgment to reflect interest when it was not awarded in the original judgment. Id. In SKMDV Holdings, Inc. v. Green Jacobson, P.C., citing McGuire and Peterson, this Court recently held that where the appellant did not make a specific request for post-judgment interest and the asserted error regarding post-judgment interest was not raised in the parties' post-trial motions filed with the court, the trial court was not authorized to award post-judgment interest after the initial thirty-day period ended from the date of the original judgment. Id. at *17-18. 2016 WL 1469995 (Mo. App. E.D. 2016) (application for transfer denied by the Missouri Supreme Court on August 23, 2016).

While McGuire arises in the context of a *nunc pro tunc* judgment in a tort case, we find that the reasoning behind the decision and its progeny applies in this case.[3] Like the Missouri Supreme Court in McGuire, we reject the argument that post-judgment interest is

---

[3] Riezman also relies upon two cases in which the appellate courts held that it was unnecessary to specify the interest in the judgment on the tort actions at issue in those cases, but these cases predate the decision of the Missouri Supreme Court in McGuire and its progeny. See Adkins v. Hontz, 337 S.W.3d 711, 723 (Mo. App. W.D. 2011); Robinson v. St. Louis Bd. of Police Comm'rs, 212 S.W.3d 165, 167 (Mo. App. E.D. 2006).

10

automatic and find that collection of post-judgment interest on a judgment, regardless of whether it was on a nontort or tort action, "substantively change[s] the judgment." See McGuire, 447 S.W.3d at 667.

In addition, the Missouri Supreme Court in McGuire was not just concerned that the original judgment did not state the applicable interest rate for the post-judgment interest, which is a requirement under the subsection of the statute specific to tort actions. McGuire, 447 S.W.3d at 667. Instead, the Court noted that the judgment did not award post-judgment interest *or* state the applicable interest rate. Id. at 661. It expressed concern that there was no evidence in the record indicating the trial court intended to include post-judgment interest in the original judgment. Id. at 667. Specifically, the Court stated:

> Even if the trial court intended to include the post-judgment interest in its original judgment, and even if the post-judgment interest is mandated by statute, an omission of *an award of post-judgment interest* cannot be considered a mere clerical error. . . .
>
> . . .
>
> Without evidence in the record to indicate that *the award of post-judgment interest* was actually made, the omission of the mandatory statutory language in the judgment is mere error, correctable by either a motion pursuant to Rule 75.01 or Rule 78.07, but not by *nunc pro tunc*.
>
> . . .
>
> Though the trial court should have included *the award of post-judgment interest* in its original judgment, it did not; *nor* is there any evidence in the record showing the court's intention to set the interest rate.

Id. at 667 (emphasis added). Moreover, the Court specifically reversed "the provisions setting an interest rate *and awarding post-judgment interest* in the judgment," not simply the provision of the judgment setting the interest rate. Id. at 667 (emphasis added).

11

Accordingly, we find that the Court's holding was not intended to be limited to tort actions based on the additional requirement for tort actions that the applicable interest rate be stated in the judgment. After all, the Court specifically stated that it was "the retroactive inclusion of the post-judgment interest" that substantively changed the judgment, *not* the retroactive inclusion of the post-judgment interest rate specific to tort actions. See id.

Further, we find no policy reason to suggest the holdings from McGuire and its progeny should only apply to judgments in tort cases. In fact, we see good reason to apply McGuire to judgments under Sections 408.040.2 and 408.040.3. Not only are judgments presumed to be correct, but as a general matter, judgments must be definite and certain to be enforceable. Kells v. Mo. Mountain Properties, Inc., 247 S.W.3d 79, 81 (Mo. App. S.D. 2008); Foraker v. Foraker, 133 S.W.3d 84, 98 (Mo. App. W.D. 2004). "A valid judgment fixes the rights and responsibilities of the parties, with the obligor's duties readily understood so as to be capable of performance, and with the clerk able to issue, and the sheriff to levy, execution." Hall v. Fru-Con Cost. Corp., 101 S.W.3d 318, 319 (Mo. App. E.D. 2003) (internal citations omitted). Our courts have clearly placed value in judgments that are definite, and judgments that expressly state an award of post-judgment interest provide parties with certainty that is not available where a judgment creditor retrospectively and unilaterally collects post-judgment interest without an express provision for such interest in the judgment itself. The rights and responsibilities of the parties and the obligor's duties can be better understood by the parties and anyone else who would have reason to later review the judgment where the post-judgment interest is an express provision of the judgment. Moreover, judicial economy and efficiency is better

achieved when we minimize the need for retroactive application of a statute or any related judicial interpretation.

Mercy and Riezman rely upon several older cases, including Laughlin v. Boatman's National Bank of St. Louis, 189 S.W.2d 974, 980 (Mo. 1945), for the proposition that "[t]he judgment bears interest by reason of the statute and it is not necessary that it or the mandate recite the fact."[4] While Riezman used these cases to argue for dismissal, based upon our interpretation of McGuire, a much more recent Missouri Supreme Court case, we find that they should no longer be followed to the extent that they suggest that judgments bear statutory interest automatically or unilaterally by reason of the statute rather than indicating a court's mandatory duty to grant post-judgment interest where sought. Instead, we find the holding in Peterson to apply in both nontort and tort actions. Specifically, we find that after McGuire it is evident that an interest award pursuant to Section 408.040, regardless of whether it is made in a nontort or tort action, "must be made in the original judgment, pursuant to a timely amendment following a Rule 78.07 motion, pursuant to Rule 75.01, or even pursuant to a *nunc pro tunc* where there is evidence in the record that the trial court intended to include an interest rate or order payment of interest at the time the judgment was entered." See Peterson, 460 S.W.3d at 413.

---

[4] Among other cases from the nineteenth century, Riezman also cites State ex rel. Walsh v. Vogel, 14 Mo. App. 187, 189-90 (1883), for the similar proposition that "In order that the judgment shall bear interest, it was not necessary that the court delivering the judgment should say so and make this statement a part of the judgment, because the statute expressly provides that every judgment shall bear interest."

13

Because the petitions in this case were dismissed based upon a misinterpretation of the current state of the law, we find the dismissals of the petitions improper. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

ROBERT G. DOWD, JR., Judge

Angela T. Quigless, P.J. and
Lisa S. Van Amburg, J., concur.