

# In the
# Missouri Court of Appeals
## Western District

MATTHEW VALDIVIA, )
)
    **Respondent,** )
)   **WD87022**
    **v.** )
)   **OPINION FILED:**
STATE OF MISSOURI DEPARTMENT )
OF CORRECTIONS, )   **JUNE 3, 2025**
)
    **Appellant.** )

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable S. Margene Burnett, Judge**

**Before Division Four: Anthony Rex Gabbert, Chief Judge, Presiding,
Janet Sutton, Judge, James Edward Welsh, Special Judge**

The Missouri Department of Corrections ("DOC") appeals from a judgment, entered on a jury verdict, in favor of Matthew Valdivia on claims brought under the Missouri Human Rights Act ("MHRA"), section 213.010, *et seq.*[1] The DOC raises six points on appeal. As the DOC's notice of appeal was untimely, we dismiss the appeal, grant Valdivia's motion for attorney fees as the prevailing party, and remand for a determination and award of reasonable attorney fees associated with this appeal.

---

[1] All statutory references are to the Revised Statutes of Missouri (2016), as supplemented through 2019. All rule references are to the Missouri Supreme Court Rules (2024).

**Procedural Background**

On December 27, 2019, Valdivia filed a Petition for Damages, and on April 13, 2020, filed a First Amended Petition. Therein, Valdivia made claims under the MHRA against his former employer, the DOC, for retaliation (Count I), hostile work environment (Count II), associational discrimination (Count III), and disability discrimination (Count IV).

Trial began June 5, 2023. On June 9, 2023, Valdivia submitted two claims to the jury (hostile work environment based on disability and hostile work environment based on retaliation). The jury returned verdicts in favor of Valdivia on both claims. The jury awarded $165,258 in actual damages and $1,229,629 in punitive damages.

On June 14, 2023, the circuit court entered judgment on the jury verdicts in a dated, written document, signed by the judge, titled "JURY TRIAL MINUTES AND JUDGMENT." The judgment included a paragraph that "ordered, adjudged and decreed that statutory interest shall accrue from the date of this judgment." No interest rate was stated. The judgment additionally stated that, "this Court retains jurisdiction to determine Plaintiff's claim for attorney fees as provided by statute."

Valdivia filed "Plaintiff's Motion for Attorneys' Fees, Costs, and Post-Judgment Interest with Supporting Suggestions" on June 30, 2023. On October 27, 2023, the circuit court entered its "Judgment as to Attorneys' Fees." On November 27, 2023, the DOC filed a "Motion for Judgment Notwithstanding the Verdict or, in the Alternative,

Motion for New Trial and Motion for Remittitur." The court did not rule on that motion. On February 29, 2024, the DOC filed its "Notice of Appeal."

**Motion to Dismiss Appeal**

On January 25, 2025, Valdivia filed a motion to dismiss the DOC's appeal. Therein, Valdivia asserted that the DOC's notice of appeal was untimely such that this court lacks jurisdiction. The motion to dismiss was taken with the case. In his respondent's brief, Valdivia renewed his motion to dismiss the DOC's appeal.

According to Valdivia, the judgment from which the DOC appeals was entered on June 14, 2023, and was final as it resolved all issues and claims required to be resolved at that time for purposes of a final judgment. Valdivia argues that, because there were no timely after trial motions (the DOC did not file any motions until November 27, 2023), the June 14, 2023, judgment became final for purposes of appeal on July 14, 2023, requiring the DOC's notice of appeal to be filed July 24, 2023. Rule 84.04(a). Because the DOC did not file its notice of appeal until February 29, 2024, the DOC's appeal is untimely and this court lacks jurisdiction to address the merits of the appeal. We agree.

The June 14, 2023, judgment was a final judgment as it was in writing, signed by the judge, and resolved all of the underlying claims that the trial court had the authority to determine at that time. We disagree with the DOC's contention that the judgment was not final for failing to specify an interest rate when it "ordered, adjudged and decreed that statutory interest shall accrue from the date of this judgment." The DOC cites *McGuire v. Kenoma*, LLC, 447 S.W.3d 659 (Mo. banc 2014), in support of its argument.

3

In *McGuire*, "the judgment did not award post-judgment interest or state an applicable interest rate as prescribed in section 408.040." 447 S.W.3d at 661. Section 408.040.3 states that, in tort actions, interest shall be allowed on all money due upon any judgment or order of any court from the date judgment is entered until full satisfaction. "All such judgments and orders for money shall bear a per annum interest rate equal to the intended Federal Funds Rate, as established by the Federal Reserve Board, plus five percent, until full satisfaction is made." *Id.* The plaintiffs in *McGuire* did not file a timely post-trial motion to request inclusion of post-judgment interest, seek to amend the judgment, or file an appeal claiming error in the judgment. *McGuire,* 447 S.W.3d at 661-662.

After this court issued its mandate following the defendants' appeal of the trial court's judgment, the plaintiff's filed a motion in the trial court for an amendment *nunc pro tunc* of the final judgment to award post-judgment interest, set the post-judgment interest rate, and affix costs. *Id.* at 662. The trial court granted the motion. *Id.* The defendants appealed, contending the trial court erred in amending the judgment *nunc pro tunc* because the trial court's failure to determine the post-judgment interest rate was a substantive error, not a clerical error, and *nunc pro tunc* was not an appropriate remedy. *Id.*[2]

---

[2]The defendants did not contest the award of costs because they were previously awarded in the trial court's original judgment. *Id.* at 662, n. 2.

On review, the Missouri Supreme Court addressed whether the trial court could "enter a *nunc pro tunc* judgment to award plaintiffs statutory post-judgment interest in a tort action when there is no indication in the record that the trial court intended to set an interest rate or order payment of interest until after the judgment became final." *Id.* at 662. The court stated that "[*n*]*unc pro tunc* cannot be used to add anything to the judgment that is not in some way already reflected in the record, even if a judge should have included or intended to include the omission or has a laudatory motive in wanting to amend the judgment." *Id.* at 663. "The narrowly proscribed purpose of *nunc pro tunc* is to allow the trial court to amend its judgment so that the judgment will conform to what is actually evidenced in the record." *Id.*

Here, the circuit court clearly intended to include post-judgment interest in its judgment as it "ordered, adjudged and decreed that statutory interest shall accrue from the date of this judgment." Yet, no interest rate was stated. However, failure to include the statutorily required post-judgment interest award in a judgment does not impact the finality of the judgment. *SKMDV Holdings, Inc. v. Green Jacobson, P.C.*, 494 S.W.3d 537, 561-63 (Mo. App. 2016). The right to a post-judgment interest award is waived if not included in the original final judgment or raised in a timely filed motion to amend the judgment. *Id.*

Valdivia's June 30, 2023, "Plaintiff's Motion for Attorneys' Fees, Costs, and Post-Judgment Interest with Supporting Suggestions" was not a motion to amend the judgment to include post-judgment interest and/or set an interest rate for post-judgment interest as

5

to the court's June 14, 2023, judgment detailing the damages award.[3] Nothing within that motion references the June 14, 2023, judgment. The request within that motion for post-judgment interest is for the judgment awarding attorneys' fees. The court's October 27, 2023, "Judgment as to Attorneys' Fees" only awards post-judgment interest as to attorneys' fees and costs; the court entered judgment "for attorneys' fees (including expenses) and costs in the total amount of $481,946.26 as set for [sic] herein which shall bear interest from this date forward at the rate of 10.33% per annum."[4]

Hence, while an interest rate for post-judgment interest on the June 14, 2023, damages award was not set forth in the judgment, the court's failure to establish an interest rate did not suspend finality of that judgment. The June 14, 2023, judgment became final on July 14, 2023, as no timely post-trial motions were filed. Rule 75.01. The DOC was required to file its notice of appeal by July 24, 2023, ten days after the judgment became final. Rules 81.04(a) and 81.05(a)(1). "Timely filing of a notice of

---

[3]The trial court's June 14, 2023, judgment states that the Court retained jurisdiction to determine Valdivia's claim for attorney fees as provided by statute. Under Rule 74.16(b)(3), a motion for attorney's fees "is an independent action and not an authorized after-trial motion subject to Rules 78.04, 78.06, or 81.05." The circuit court, therefore, necessarily had jurisdiction to entertain Valdivia's June 30, 2023, motion for attorney's fees. As an independent action, Valdivia's motion had no bearing on, and did not suspend, the finality of the June 14, 2023, judgment. *Wiseman v. Missouri Dept. of Corrections*, 710 S.W.3d 29 (Mo. App. 2025).

[4]This case is thus distinguishable from our recent decision in *Carillo v. Department of Corrections*, No. WD 86862, ---S.W.3d---, 2025 WL 1225951, Mo. App. W.D. April 29, 2025, where the plaintiff's post-judgment motion for attorneys' fees and post-judgment interest expressly sought to amend the underlying judgment to include an award of post-judgment interest at a specific interest rate, and where the trial court's ruling on the motion included both an award of attorneys' fees and language modifying the underlying judgment to include an award of post-judgment interest.

appeal is jurisdictional. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." *Spicer v. Donald N. Spicer Revocable Living Tr.*, 336 S.W.3d 466, 471 (Mo. banc 2011) (internal quotation marks and citations omitted). The DOC's notice of appeal was not filed until February 29, 2024, and was, therefore, untimely. Valdivia's motion to dismiss is granted.

## Attorneys' Fees on Appeal

On May 8, 2025, Valdivia filed a motion for attorneys' fees incurred on post-trial motions and appeal. The motion was taken with the case. Section 213.111.2 authorizes a court to award "reasonable attorney fees to the prevailing party," which includes fees incurred on appeal from the trial court's judgment. *Soto v. Costco Wholesale Corp.*, 502 S.W.3d 38, 58 (Mo. App. 2016). Valdivia is the prevailing party in securing dismissal of this appeal as he briefed and orally argued the jurisdictional and merits-based issues presented by the DOC's appeal, and we are dismissing the DOC's appeal on the jurisdictional grounds raised by Valdivia. *Wiseman*, 710 S.W.3d at 40. Accordingly, we grant Valdivia's motion for attorneys' fees. *See Joemco Holdings, LLC v. Unique Creations Salon, LLC*, 657 S.W.3d 217, 221 n.2 (Mo. App. 2022) (awarding prevailing-party attorneys' fees when dismissing an appeal for lack of jurisdiction).

## Conclusion

For the above-stated reasons, we dismiss this appeal as untimely. We remand to

7

the trial court to determine and award Valdivia reasonable attorneys' fees for this appeal.

_____

Anthony Rex Gabbert
Chief Judge

All concur.